SARAH MATILDA CLAYTON vs. THE PHILADELPHIA, BALTIMORE and WASHINGTON RAILROAD COMPANY.

1. CARRIERS—CARRIAGE OF PASSENGERS—"NEGLIGENCE."

In action against railroad for injuries to a passenger through the negligence of its conductor in telling her to get off the train, supposedly at a station, plaintiff cannot recover, unless her injuries were caused by the negligence of the railroad, "negligence" being want of ordinary care, such as an ordinarily prudent and careful person would use under like circumstances, including knowledge of plaintiff's physical and mental condition.

2. CARRIERS—INJURY TO PASSENGERS—NEGLIGENCE—BURDEN OF PROOF.

Negligence of a railroad toward a passenger is never presumed, but must be proved, and the burden of proving it is on the passenger suing for injuries.

3. CARRIERS—INJURY TO PASSENGERS—PROXIMATE CAUSE.

Even though a railroad was negligent, its passenger cannot recover against it unless the negligence was the cause of the injury complained of.

4. CARRIERS—INJURY TO PASSENGERS—ACCIDENT.

Injury to a passenger from a pure accident without negligence on the part of a railroad is not actionable.

5. CARRIERS—INJURY TO PASSENGERS—CONTRIBUTORY NEGLIGENCE.

If injuries to a passenger in alighting, supposedly at destination, were caused by her own negligence or want of ordinary care contributing to the accident, she cannot recover from the road, even though it also was negligent.

6. CARRIERS—PASSENGERS—KNOWLEDGE OF FEEBLE CONDITION.

If a railroad had knowledge of its aged female passenger's feeble condition, it was under duty to exercise such care toward her as her condition reasonably required, but, if it had no such knowledge, it was not required to use greater care.

7. CARRIERS—PASSENGERS—DISABILITY—DUTY TO USE CARE.

An aged woman passenger, whatever the railroad's knowledge of her enfeebled condition, was not released from duty to exercise care in leaving the train, but was required to use all her senses and avoid all the danger she could in the exercise of proper care, having no right to attempt to get off when the train was in motion, even though the conductor directed her.

8. CARRIERS—PASSENGERS—CONTRIBUTORY NEGLIGENCE.

Where a passenger acts in conformity to direction of a conductor, acting in the scope of his employment, and such conduct would not expose the passenger to a known or apparent danger a prudent man would not incur, he is not negligent, though his conduct may result in bringing injury on him.

9. CARRIERS—PASSENGERS—ALIGHTING AT IMPROPER PLACE—DIRECTIONS OF CARRIER'S SERVANTS.

Misdirections by a railroad's servants in charge of a train as to the proper place for passengers to get off will render the road liable to one who, acting in reasonable reliance on the directions, is injured.

10. CARRIERS—CARRIAGE OF PASSENGERS—ADVICE AS TO LEAVING TRAIN.

The mere advice or counsel of a railroad's servants in charge of a train as to getting off or on while in motion will not be enough to excuse the passenger from the consequence of any negligence of his in so doing.

11. CARRIERS—PASSENGERS—INFIRMITIES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action against a railroad for injuries to an aged female passenger in leaving the train at destination, if the jury found the trainman announced all out for the station, and followed it by telling plaintiff to get off, it is for them to say whether plaintiff was warranted in believing she was to get off before reaching the station, taking into consideration her physical and mental condition.

12. DAMAGES—PERSONAL INJURIES—ELEMENTS OF RECOVERY.

A railroad's passenger, injured through the negligence of its conductor in ordering her to leave the train while moving into the station, can recover such a sum as will reasonably compensate her for her injuries, including suffering in the past and future, loss of time, wages, and money expended in treatment, and also for permanent injuries.

(*May* 1, 1919.)

PENNEWILL, C. J. and BOYCE, J. sitting.
*John D. Hawkins* and *L. Irving Handy* for plaintiff.
*George M. Jones* for defendant.
Superior Court for Kent County, April Term, 1919.

TRESPASS ON THE CASE, No. 16, October Term, 1917.

Action by Sarah Matilda Clayton against the Philadelphia, Baltimore & Washington Railroad Company, to recover damages for personal injuries. Verdict for defendant.

The plaintiff's proof was that she was an aged passenger for hire, travelling on a train operated by the defendant; that as the train neared her destination the conductor said, "All off for

Dover," that she jumped up and followed behind him out the door to the platform; that he then said to her, "Get off," and she remembered nothing else.

The defendant's proof showed that the conductor in question had no recollection of the plaintiff; that the train left Dover without any member of its crew knowing that anything unusual had occurred; that the plaintiff, in an unconscious condition, was discovered, about half an hour afterwards, along the track some distance away from the station in the direction from which the passenger train had approached.

There was medical and other testimony as to the extent of the injuries sustained by the plaintiff.

### PLAINTIFF'S PRAYERS.

1. Where a passenger acts in conformity to a permission or direction given by a conductor or other agent of the carrier, acting within the scope of his employment, he will not be guilty of contributory negligence, although his conduct may result in bringing injury on him. Misdirections by persons in charge of a train as to the proper place for passengers to get off will render the carrier liable to one who, acting in reasonable reliance on the directions given, is injured. 10 *C. J.* 1104.

2. While a railway company is not bound to accept for transportation, without an attendant, one who because of physical or mental disability is unable to take care of himself, yet, if its servants do voluntarily accept such a person unattended, they should render to him such special care and assistance as his condition requires, in order that he may be safely transported. 6 *Cyc.* 599; *Croom v. Chicago, M. & St. P. R. Co.*, 52 *Minn.* 296, 53 *N. W.* 1128, 18 *L. R. A.* 602, 38 *Am. St. Rep.* 557.

### DEFENDANT'S PRAYERS.

1. Negligence is the failure to exercise ordinary care, that is, the failure to exercise such care as a reasonably prudent and careful person would use under similar circumstances. To entitle the plaintiff to recover it must be shown to the satisfaction of the jury by a preponderance of the evidence that the negligence

which caused the accident and injuries was the fault of the defendant company, and that the plaintiff was not guilty of negligence which entered into and contributed to the accident and injuries. Negligence is not to be presumed but must be proved and the burden of proof is upon the plaintiff. *Freeman v. Traction Co.*, 3 *Boyce*, 107, 80 *Atl.* 1001; *Benson v. Ry Co.*, 1 *Boyce*, 202, 205, 75 *Atl.* 793.

2. A pure accident without negligence on the part of the defendant is not actionable, and if the jury should believe from all the evidence that what happened in this case was of such a character, it would come under the head of unavoidable accident and the plaintiff cannot recover.

3. No presumption of negligence, either on the part of the plaintiff or defendant, arises from the mere fact that the plaintiff was injured when she alighted from the train.

4. Where there is contributory negligence the law will not attempt to measure the proportion of blame or negligence to be attributed to either party. *Freeman v. Traction Co.*, 3 *Boyce*, 107, 80 *Atl.* 1001.

5. Where there is mutual negligence, that is, where the negligence of each party is operative at the time of the accident, no action can be sustained. *Freeman v. Traction Co.*, 3 *Boyce*, 107, 80 *Atl.* 1001.

6. A common carrier is in no sense an insurer of the safety of its passengers but is only responsible for its own negligence in case of injury. *Benson v. Railway Co.*, 1 *Boyce*, 202, 206, 75 *Atl.* 793.

7. There is a duty resting upon the passenger to act with prudence, and to use the means provided, for her safe transportation with reasonable circumspection and care; and if her negligent act contributes to bring about the injury complained of, she cannot recover. *Benson v. Railway Co.*, 1 *Boyce*, 202, 206, 75 *Atl.* 793; *Freeman v. Traction Co.*, 3 *Boyce*, 107, 80 *Atl.* 1001.

8. It is the duty of a passenger to exercise reasonable care in alighting from a car. *Benson v. Railway Co.*, 1 *Boyce*, 202, 206, 75 *Atl.* 793; *Freeman v. Traction Co.*, 3 *Boyce*, 107, 80 *Atl.*

1001; *Wallace v. R. Co.*, 8 *Houst.* 529, 552, 18 *Atl.* 818; *Ouellette v. Railway Co.*, 76 *Atl.* 280, 106 *Me.* 153, 138 *Am. St. Rep.* 340.

9. Where a proper landing place is provided, and the passenger knows or has the means of ascertaining its locality, she should make her exit at the place so provided, and if, in attempting to alight elsewhere, she unnecessarily and negligently exposes herself to danger, and is thereby injured, her injury is the result of her own act and she cannot recover damages therefor against the railway company. *Railroad Co. v. Dingman*, 1 *Ill. App.* 162; *Railroad Co. v. Davidson*, 64 *Fed.* 301, 306, 12 *C. C. A.* 118; *Railroad Co. v. Ricketts*, 96 *Ky.* 44, 27 *S. W.* 860; *Railroad Co. v. Ricketts*, 93 *Ky.* 116, 19 *S. W.* 182; *Farrell v. Railway Co.*, 100 *Minn.* 361, 111 *N. W.* 388, 390, 9 *L. R. A.* (*N. S.*) 1113; *Smith v. Railway Co.*, 88 *Ala.* 538, 7 *South.* 119, 7 *L. R. A.* 323, 16 *Am. St. Rep.* 63.

10. A railroad company is not liable to a passenger for an accident which the plaintiff might have prevented by ordinary attention to her own safety even though the agents in charge of the train are also remiss in their duty. *Railroad Co. v. Aspell*, 23 *Pa.* 147, 62 *Am. Dec.* 323.

PENNEWILL, C. J., charging the jury:

This is an action brought to recover damages for personal injuries which the plaintiff alleges she sustained on account of the negligence of the defendant company.

It is admitted that the defendant company was operating the train of cars at the time of the accident. The plaintiff avers that, being a passenger on a train of the defendant on September twenty-second, 1916, travelling from Brenford to Dover, when the train had reached the northern part of the latter town, and a point at or near where Division street intersects the railroad tracks, the conductor said, "All out for Dover," and that she got up and followed him and he said, "Get off."

The conductor denies that he told the plaintiff to get off or announced, "All out for Dover." He insists that he has no recollection that the plaintiff was on the train on the night in question.

Charge.

[1] This suit is based on negligence, and the plaintiff cannot recover at all unless the jury are satisfied from the preponderance of the testimony that her injuries were caused by the negligence of the defendant company. Negligence is the want of ordinary care, that is, such care as an ordinarily prudent and careful person would use under similar circumstances; and in the present case it was the care that such a person would have used under the conditions existing at the time, including the company's knowledge, if any it had, of the physical and mental condition of the plaintiff.

[2, 3] Negligence we may say is never presumed. It must be proved, and the burden of proving it is on the plaintiff. And even though the defendant was negligent there could be no recovery unless such negligence was the cause of the injury complained of.

If the defendant was guilty of no negligence, the plaintiff cannot recover no matter what injuries the plaintiff may have received or what caused them.

[4] A pure accident without negligence on the part of the defendant is not actionable, and if the jury should believe from all the evidence that what happened in this case was of such a character, it would come under the head of unavoidable accident· and the plaintiff cannot recover.

[5] If the plaintiff's injuries were caused by the plaintiff's own negligence, or want of ordinary care, that contributed to or entered into the accident and was operating at the time, she would not be entitled to recover even though the defendant was also negligent, because the law will not permit a person to recover damages from another if such person's own negligence caused the injury.

Where there is mutual negligence, that is, where the negligence of each party is operative at the time of the accident, no action can be sustained.

[6, 7] If you find it is proved in this case, that the defendant company had knowledge of the plaintiff's feeble condition the care required to be exercised was such as such condition reasonably required. But, if the defendant had no such knowledge, it

was not required to use greater care because of her condition. But in no event was the plaintiff released of exercising care in getting off the train. She was required to use her senses and avoid all danger so far as she could in the exercise of proper care. She had no right to attempt to get off the train when it was in rapid motion, even though she was directed to do so.

[8, 9] Where a passenger acts in conformity to a permission or direction given by a conductor or other agent of the carrier, acting within the scope of his employment, and such conduct on his part will not expose him to a known or apparent danger which a prudent man would not incur, he will not be guilty of contributory negligence, although his conduct may result in bringing injury on him. Misdirections by persons in charge of a train as to the proper place for passengers to get off will render the carrier liable to one who, acting in reasonable reliance on the directions given, is injured.

[10] An illustration of this principle is furnished by cases with reference to injuries received by a passenger who attempts to get on board of, or alight from, a train while moving. Such an act is generally regarded as contrary to reasonable prudence, but, if it is done in response to the invitation or direction of the person in charge of the train, the passenger may thereby be exonerated from fault. But this is not true if the act is manifestly, to the judgment of a reasonable person, imprudent, or contrary to the authority of the employee who gives the direction. The mere advice or counsel of those in charge of the train as to getting on or off while the train is in motion will not be enough to excuse the passenger in doing a negligent or wrongful act. 10 C. J. 1104.

[11, 12] If the trainman announced "All out for Dover" and followed that by saying to the plaintiff, "Get off," it is for the jury to say whether the plaintiff was warranted in believing that she was ordered to get off before reaching the station, taking into consideration the condition of the plaintiff. If you should be satisfied by a preponderance of the testimony that the plaintiff's injuries were caused by the negligence of the defendant company, and that the negligence of the plaintiff did not proximately

contribute to the accident, your verdict should be in favor of the plaintiff, and for such sum as will reasonably compensate her for the injuries sustained, including her pain and suffering in the past as well as for the future, her loss of time and wages and money expended for medical treatment, and also for any permanent injuries which may impair her earning ability hereafter.

But if you are not satisfied that the negligence of the defendant company caused the accident, or should believe that the plaintiff's own negligence contributed proximately thereto, your verdict should be for the defendant.

Verdict for defendant.