[Civ. No. 3113.   Fourth Dist.   March 7, 1944.]

FRED A. HERSHEY et al., Appellants, v. CORT LAS-WELL et al., Respondents.

220

Harvey, Johnston & Baker for Appellants.

Wagy & Hulsy for Respondents.

MARKS, J.—This is an appeal from a judgment in favor of defendants and cross-complainants for damages resulting from a motor vehicle collision which occurred in the city of Bakersfield on the evening of August 13, 1941.

The case was tried before the court without a jury and the findings absolved defendant Laswell from negligence and contributory negligence and found Fred A. Hershey guilty of negligence that proximately caused the accident. Plaintiffs attack these findings as being contrary to the evidence. This is the principal question presented here. It will require a brief summary of that portion of the evidence tending to support the findings and judgment, disregarding conflicting evidence supporting the position of plaintiffs, which is amply sufficient to support a judgment in their favor had this evidence been accepted as true by the trial court.

Union Avenue is a public street of the city of Bakersfield.

It is 56 feet wide and runs north and south. It has a paved portion 24 feet wide with a white line down its center. Between the east edge of the pavement and the curb there is a 29-foot oiled shoulder. There is a three-foot dirt shoulder west of the pavement. There is no curb on the west side of the avenue. Thirtieth Street intersects Union Avenue at right angles from the west and becomes Pacific Street to the east. There is a boulevard stop sign on Thirtieth Street about 17 feet west of the intersection. There is also a stop sign on Pacific Street.

Arvin Richardson was the owner of an old Ford winch truck which was being driven by Cort Laswell with the owner's consent at the time of the collision. Plaintiffs were husband and wife. Before the collision they were approaching the intersection from the south in an automobile driven by Fred A. Hershey.

Laswell testified that he approached the intersection from the west on Thirtieth Street; that the lights of the truck were burning; that he did not stop at the stop sign nor the westerly intersection line but near the west pavement line; that he looked and saw no vehicle approaching from the north; that he saw plaintiffs' car approaching from the south about a block and a half away; that he believed he had sufficient time to make the crossing and proceeded into the intersection; that when his truck was across the east half of the pavement it was struck on the south side by plaintiffs' car. The force of the collision was considerable. This would support the conclusion that Mr. Hershey was driving faster than the 25 miles per hour which he admitted.

█ Plaintiffs urge that this evidence demonstrates that Laswell was guilty of negligence as a matter of law, sufficient to bar his recovery, in failing to make the proper stop as required by section 577 of the Vehicle Code, and in violating section 552 of the same code by entering the intersection when plaintiff's car was approaching so closely on the through highway as to constitute an immediate hazard.

It must be conceded that there was a technical violation of the Vehicle Code on the part of Laswell in failing to make boulevard stop in the exact place and manner required. However, he did stop, and whether this conduct was a proximate or a contributing cause of the accident was a question of fact for the trier of fact and is not one of law for this court under the facts before us. (*Miller* v. *Cranston*, 41 Cal.App.2d 470

[106 P.2d 963]; *Ferguson* v. *Nakahara,* 43 Cal.App.2d 435 [110 P.2d 1091].)

Whether or not Laswell was guilty of negligence or contributory negligence in entering and proceeding across the intersection when he did was also a question of fact and not one of law. The evidence concerning the distance of plaintiffs' car from the intersection when Laswell started to drive across it was conflicting. The trial court adopted defendants' theory that plaintiffs' car was not close enough to constitute an immediate hazard and that implied finding is conclusive on appeal under such circumstances. (*Dickinson* v. *Pacific Greyhound Lines,* 55 Cal.App.2d 824 [131 P.2d 401].)

Plaintiffs argue that the lights on the truck were either not illuminated or were so poor as not to be visible. The evidence on that question is conflicting. The trial judge resolved that conflict against the plaintiffs which is conclusive here.

Plaintiffs urge that Laswell was under the influence of intoxicating liquor at the time of the accident. Again we must remark that the evidence on this question was conflicting and that we have nothing to do here with mere conflicts in the evidence.

It is next urged that Laswell so thoroughly impeached himself, chiefly in extra-judicial statements, that his evidence is unworthy of belief. We must again point out as we have done many times before, that the credibility of a witness and the weight to be given his testimony is primarily a question addressed to the trier of fact. The story told by Laswell while on the witness stand is not inherently improbable so we are bound by the conclusion of the trial judge on the weight to be given his evidence and his credibility as a witness. His extra-judicial statements merely created a conflict in the evidence which was resolved against plaintiffs in the trial court.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied March 24, 1944.