[Civ. No. 3356.   Fourth Dist.   May 28, 1945.]

RICHARD FOSTER, a Minor, etc., Appellant, v. FRED EINER et al., Defendants; POMERADO UNION SCHOOL DISTRICT, Respondent.

Hubbell & Matherly for Appellant.

Tripp, Callaway, Sampson & Dryden for Respondent.

MARKS, J.—This is an appeal from a judgment in favor of the Pomerado Union School District in an action for damages for injuries to plaintiff which occurred on the afternoon of April 13, 1943.

Fred Einer and Ethel Hurst Einer were originally named as defendants. They paid plaintiff $4,000 for a covenant not to sue and the action was dismissed as to them. Hereafter we will refer to the Pomerado Union School District as defendant.

Plaintiff was thirteen years and three days old at the time of the accident and a pupil in the sixth grade of the school maintained by defendant which operated a bus to transport pupils between the school and their homes. The school bus conformed to the requirements of law and was being operated by Henry W. Tassell, an employee of defendant who was acting within the scope of his employment.

The accident happened on a public highway a short distance south of Lake Hodges in San Diego County, over which the bus was proceeding in a southerly direction. Plaintiff saw his father and mother sitting in an automobile parked on the east side of the road and told Tassell of that fact. Tassell stopped the bus on his right half of the highway and asked them if the plaintiff was their son and if it would be all right to let him out to ride with them, to which Mrs. Foster answered, "Yes." At that time there were no other vehicles within sight on the highway. Tassell opened the right door of the bus and plaintiff sprang out and trotted along its west side and around its rear. During that time

two vehicles appeared. One was traveling south and appeared around a bend in the road about 150 feet north of the bus. The other was traveling north and appeared around a curve in the road variously estimated to be from 150 to 450 feet south of the bus. This automobile was owned by Ethel Hurst Einer and was being driven by Fred Einer, her husband. She was riding with him.

Both Mr. and Mrs. Foster and Tassell called warnings to plaintiff to look out as there was a car coming. He heard them and saw the car approaching from the north. Believing this was the car about which he was being warned, he either trotted or stepped out from behind the bus into the street and was struck by the Einer car, which did not stop as required by law. (Veh. Code, § 533.) Plaintiff was badly injured and his right arm had to be amputated.

The pavement at the point of the accident was approximately 17 feet, 8 inches wide. The easterly side of the bus was about two feet west of its center. There was a granite bank on the west side of the highway, which prevented Tassell from driving the bus off the pavement.

The driver of the car approaching from the north obeyed the law and stopped before reaching the bus.

Plaintiff claims negligence on the part of Tassell on account of his alleged violation of two provisions of the regulations adopted by the State Department of Education bearing on the operation of school buses.

The first regulation provides as follows:

"Section X, paragraph 17: 'No school bus shall stop and pick up or let off passengers except at regularly designated stops, which stop shall be designated by the governing board of the school district concerned.' "

It is not alleged in the complaint, nor established in the evidence, that the place where Tassell stopped to let plaintiff alight from the bus was not a regularly designated stop.

The other rule upon which plaintiff relies provides as follows:

"Section IX, paragraph 2: 'Whenever a school bus stops at a point where traffic is not controlled by a human flagman or a clearly visible electrical or mechanical signal, to discharge pupils who must cross the street, or highway in order to reach their destination, such passengers must cross the street or highway in front of the bus, except that when, because of laws regulating traffic, passengers discharged from a bus cannot cross the street or highway in front of the bus but must

cross behind the bus, they may do so. In either case, the bus shall not be moved from such point until all the passengers have crossed the street or highway. In either case, also the driver of the bus shall not permit the pupils to cross the street or highway until they may safely do so, and shall, if necessary, escort such passengers across the street or highway.' ''

Plaintiff maintains that Tassell was guilty of negligence as a matter of law in not seeing that plaintiff passed into the street around the front of the bus instead of going around its rear and in not escorting him across the street.

Plaintiff's argument resolves itself into this: That Einer was guilty of negligence as a matter of law in not stopping the automobile he was driving before passing the bus which was admittedly discharging a school child; that Tassell was also guilty of negligence as a matter of law in not seeing that plaintiff passed into the street in front of the bus and also in not escorting him across the street; that their concurring negligence was, as a matter of law, the proximate cause of the accident so the verdict in favor of defendant is contrary to law.

We do not take any such simple view of the case. The first portion of paragraph 2 of section 9 of the rules does not in so many words place the duty on the driver of seeing that children let out of a school bus pass around its front. Of course it may be conceded that a person placed in charge of school children ordinarily should endeavor to see that they obey the rules. Here there is nothing to indicate that at the time Tassell let plaintiff out of the bus there was anything to indicate that plaintiff would violate the rule and pass around the rear of the bus. There is nothing to indicate the exact time which elapsed between plaintiff springing from the bus and the accident, but it must have been brief as he testified he trotted around the bus. Whether Tassell should have anticipated that the youth would go to the rear of the bus and should have taken precautions against such an action clearly was a matter of fact for the jury.

The last sentence of the rule does not place the absolute duty on a driver to escort children across highways. He must do so if such action is necessary. Also this sentence places on the driver the duty of preventing children crossing the road when they may not do so safely. Under the facts of this case, there being no cars in sight when plaintiff sprang from the bus, the question of whether or not Tassell should

have seen that plaintiff did not then cross the road or should have escorted him across the road was a question of fact for the jury and not a question of law for the court.

■ Plaintiff states that the question of contributory negligence is not an element in the case. In this we cannot agree. Contributory negligence was alleged in the answer. The plaintiff testified that he heard the warning given him; that he saw one car and assumed that was the one he was warned about; that he then stepped or trotted from behind the bus into the street and was injured. These facts certainly presented the question of his contributory negligence to the jury which was entitled to consider them and decide whether a youth of his age, intelligence and experience, in view of the warnings given, should have looked in both directions for approaching automobiles before leaving a place of safety behind the protection of the bus.

■ As a general rule the questions of negligence and contributory negligence are questions of fact for the jury. (*Furuta* v. *Randall,* 17 Cal.App.2d 384 [62 P.2d 157]; *Mahar* v. *MacKay,* 55 Cal.App.2d 869 [132 P.2d 42]; *Uribe* v. *McCorkle,* 63 Cal.App.2d 61 [146 P.2d 22]; *Hershey* v. *Laswell,* 63 Cal.App.2d 219 [146 P.2d 509].) We believe this rule applies here to both plaintiff and Tassell.

■ If we assume negligence on the part of Tassell there still remains the question of proximate cause for determination by the jury. As is said in 19 California Jurisprudence 732:

"The proximity of one fact to another in a case, and their relation and sequence to each other, is essentially within the province of the jury to determine. . . . Thus the questions whether an injury was caused by the act of a defendant, by an intervening act of a responsible third person, or by an act of God, whether a violation of statute contributed proximately to an injury, and whether a minor had such judgment and ability to comprehend that his act was the proximate cause of the injury, are matters for determination by the jury."

■ Thus the question of negligence, contributory negligence and proximate cause were questions of fact that should have been and were submitted to the jury by the trial court. There is substantial evidence in the record supporting the implied findings of that body on those questions. This disposes of the contention of plaintiff that the trial court erred in permitting the jury to pass on the negligence of Einer and Tassell.

■ It is next urged that the trial court erred in instructing the jury that Tassell was only required to exercise ordinary care and prudence and that this instruction conflicts with another which correctly defined the standard of ordinary care in a case involving children.

The trial judge quoted to the jury the two regulations of the California State Department of Education we have referred to and added that "It is the duty of anyone in charge of a school bus to conform to the regulations governing the operation of school buses, and the failure to do so would be negligence."

In *Shannon v. Central-Gaither Union School District*, 133 Cal.App. 124 [23 P.2d 769], it was said:

"We are of the opinion that a bus which is operated only for the convenience of a particular school under the circumstances of this case is a mere private carrier as distinguished from a common carrier, and that ordinary prudence for the safety of children under similar circumstances is all that is required of the district or the driver of the bus."

There is no conflict between the two instructions. In one the trial court was defining ordinary care as applied to Tassell and bearing on his negligence. In the other it defined the ordinary care to be exercised by plaintiff, a child, as bearing on his contributory negligence and the ordinary care required of an adult in charge of children.

■ Plaintiff argues that the trial court erred in instructing the jury on proximate cause. His counsel states his position as follows: "On undisputed evidence the proximate cause of the accident was a matter of law, and the jury had no right to determine whether the negligence of either or both defendants was the proximate cause of the accident." This contention is without merit. (*Rae v. California Equipment Co.*, 12 Cal.2d 563 [86 P.2d 352]; *Gerberich v. Southern Cal. Edison Co.*, 5 Cal.2d 46 [53 P.2d 948]; *Watkins v. Nutting*, 17 Cal.2d 490 [110 P.2d 384]; *Sweet v. Sager*, 28 Cal. App.2d 211 [82 P.2d 201]; *Inai v. Ede*, 42 Cal.App.2d 521 [109 P.2d 400]; *Wohlenberg v. Malcewicz*, 56 Cal.App.2d 508 [133 P.2d 12].)

■ Lastly, it is contended that the trial court committed error in instructing on the negligence, if any, of Fred Einer, as the case had been dismissed as to him. This argument is without merit. One theory on which defendant relied was that the sole proximate cause of the accident was the negli-

348

gence of Einer. A party is entitled to proper legal instructions on his theory of the case. (*Bickford* v. *Pacific Electric Ry. Co.*, 120 Cal.App. 542, 549 [8 P.2d 186].)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 26, 1945.