[Civ. No. 7337.   Third Dist.   June 13, 1947.]

ALVIN W. WRIGHT, Appellant, v. ROSS LAVERNE SNIFFIN et al., Respondents.

C. Ray Robinson, Samuel V. Cornell, L. A. MacNicol and Margaret A. Flynn for Appellant.

Stammer & McKnight for Respondents.

THOMPSON, J.—Plaintiff has appealed from a judgment, an order denying a directed verdict, and an order denying judgment notwithstanding the verdict, which were rendered against him, in a suit for damages for the death of his young daughter, which occurred as the result of a collision on the highway between defendant's automobile and a bicycle which

the girl was riding. She attempted to cross the highway to her left without giving the arm signal required by section 544 of the Vehicle Code, and ran into defendant's machine which was traveling, within 100 feet of the intersection, on the wrong side of the highway, for the purpose of passing the bicycles. The cause was tried with a jury.

The only witness who testified to the unfortunate casualty was the defendant Ross Sniffin, who was driving his father's Ford automobile with his consent. The accident occurred on the Merced-Los Banos Highway, near the intersection of Mission Avenue, on October 5, 1945, at about 8:30 a. m. The driver of the automobile was traveling north from defendant's ranch near Dos Palos to meet the brother of Ross at the depot in Merced. As Ross approached the intersection, he observed at some distance ahead of his machine, three school girls riding bicycles on the proper right-hand side of the highway. They were traveling at the rate of about five miles per hour. Plaintiff's daughter, Norma, who was about 12 years of age, rode in advance of her companions near the center white line of the highway. When defendant's car reached a point about 300 feet behind the girls, Ross, the driver, reduced his speed to "about 30 or 35 miles an hour" and sounded his horn several times. He then started to drive around them on the left-hand side of the highway. When he was 100 or 200 feet behind the bicycles he again sounded his horn. The three bicycles were traveling about 5 or 6 feet apart. Norma's bicycle was in advance and traveling "about two feet from the white line." At the second sounding of the horn "the two girls behind pulled over to the right." Norma continued to ride forward. Defendant's right wheels were then about nine feet from the center white line. Evidently Norma did not hear the blasts of the horn. When the vehicles were 40 or 50 feet south of the intersection of Mission Avenue, according to defendant's testimony, Norma, without giving a left arm signal, or any warning whatever, suddenly turned her bicycle to her left. The driver of defendant's machine immediately applied his brakes with full force and swerved to his left. Norma's bicycle struck the automobile near the handle of the front door. The collision occurred in the intersection of the highways, near the western paved portion of the Merced-Los Banos Highway. The paved highway was 20-feet wide and had seven-foot shoulders. At the time of the impact defendant's car was traveling about 20 miles per hour. The machine ran onward 25 or 30 feet into a ditch at the northwest corner

of the intersection, and turned over. Mr. Farr, a highway patrolman, testified that he found skid marks on the pavement. Norma Wright was instantly killed as a result of the collision.

The appellant contends that the negligence of the defendant was the sole proximate cause of the accident; that the deceased was not guilty of contributory negligence; that a bicyclist is not subject to the provisions of the Vehicle Code, and is not required by section 452 or 544 of that code to give an arm signal before turning right or left across a public highway; that Norma Wright's failure to signal her intention to cross the highway was not the proximate cause of the accident; that the instructions which were given to the jury were erroneous, conflicting, misleading and prejudicial, and that the court erred in refusing to give certain instructions offered by him.

The evidence clearly shows that the defendant, Ross Sniffin, was guilty of negligence in attempting to pass the bicyclists on the wrong side of the highway, within 100 feet of the intersection, contrary to the provisions of section 530 of the Vehicle Code. Subdivision (b) of that section reads in part:

"No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

. . . .

"(2) When . . . approaching within one hundred feet of or when traversing any intersection, . . ."

The appellant asserts that Norma Wright, the deceased, was not guilty of contributory negligence, and that the provisions of the Vehicle Code with respect to the necessity of giving an arm signal or other warning before turning a vehicle to cross a highway at an intersection do not apply to bicycles. We cannot agree with that construction of the code.

Section 544 of the Vehicle Code provides that:

"(a) No person shall turn a vehicle unless and until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided herein in the event any other vehicle may be affected by such movement.

"(b) Any signal of intention to turn right or left shall be given continuously during the last fifty feet traveled by the vehicle before turning."

Section 546 provides that:

"All signals herein required given by hand and arm shall

be given from the left side of a vehicle in the following manner and such signals shall indicate as follows:

"(a) Left Turn—Hand and arm extended horizontally beyond the side of the vehicle."

We are of the opinion the appropriate provisions of the Vehicle Code, with respect to the operations of vehicles on the public highways, unless by their very nature they have no application, apply to bicycles. (Veh. Code, § 452; *Flury* v. *Beeskau,* 139 Cal.App. 398, 403 [33 P.2d 1033]; 5-6 Huddy's Cyc. of Automobile Law, p. 330, §§ 190, 191; 44 W. & Ph., perm. ed., p. 94.) Clearly a bicycle is a vehicle. The word "vehicle" is defined in Webster's International Dictionary of 1928, at page 2270, as:

"That in or on which a person or thing is or may be carried, . . . as a coach, wagon, car, *bicycle,* etc., a means of conveyance." (See 44 W.&Ph., perm. ed., pp. 94, 95.)

In the Flury case, *supra,* it is said:

"The traffic rules which are prescribed by the California Vehicle Act apply to bicycles and motorcycles as well as to automobiles and other vehicles. . . . Under the circumstances of this case the question regarding the alleged contributory negligence of the plaintiff was a problem for the determination of the jury. The rule of law regarding the effect of contributory negligence applies to a bicyclist just as it does to the operator of an automobile or other motor vehicle."

Section 452 of the Vehicle Code provides that:

"Every person riding a bicycle . . . upon a highway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this division, except those provisions which by their very nature can have no application."

Clearly it may not be said the ordinary statutory provisions requiring an arm signal, or some sort of warning, and due care, before the operator of a vehicle turns across a highway at an intersection, are "by their very nature" inapplicable to bicyclists. If that be true, then no warning signals of a sudden change of course would be required by a bicyclist. In the present case, the court, in denying plaintiff's motion for judgment notwithstanding the verdict, specifically determined that "there is ample and substantial evidence to justify the jury in finding that the deceased, Norma Wright, was guilty of contributory negligence."

The questions of negligence and of contributory negligence, and as to whether such conduct or omissions contrib-

uted to or are the cause of an accident resulting in injuries or damage, are ordinarily problems for the determination of the jury. (*Foster* v. *Einer*, 69 Cal.App.2d 341, 346 [158 P.2d 978].) In the case last cited the court quotes with approval from 19 California Jurisprudence, page 732, as follows:

"The proximity of one fact to another in a case, and their relation and sequence to each other, is essentially within the province of the jury to determine. . . . Thus the questions whether an injury was caused by the act of a defendant, by an intervening act of a responsible third person, or by an act of God, whether a violation of statute contributed proximately to an injury, and whether a minor had such judgment and ability to comprehend that his act was the proximate cause of the injury, are matters for determination by the jury."

We conclude that the evidence would support the verdict in favor of the defendants, provided the jury was not misled by conflicting instructions which we will proceed to discuss. ■ In spite of the evidence of the defendants that Norma failed to give a left arm signal or any warning of her intention to cross the highway, plaintiff was entitled to the presumption that the deceased used due care for her own safety (Code Civ. Proc., § 1963, subd. 4), which created a conflict of evidence regarding that subject. We are unable to determine whether the jury rendered a judgment in favor of the defendant on the theory that Norma was guilty of contributory negligence, or because defendant was excusable under an instruction given to the jury regarding the operation of their machine in a sudden emergency.

We are of the opinion the instructions which were given to the jury are irreconcilably conflicting and that it is impossible to determine whether the jury rendered a verdict in favor of the defendants on the ground that Norma Wright was guilty of contributory negligence, or because Ross Sniffin, the driver of defendant's car, was confronted with an emergency at the time of the accident which caused him to wrongfully operate his machine so as to result in the collision which might have been otherwise avoided. ■ The rule is well established that when the instructions are irreconcilably conflicting, and it "cannot be ascertained upon what theory the verdict was returned," they become erroneous and prejudicial, and therefore require a reversal of the judgment on that account. (*Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270, 280 [201 P. 599].) In the case last cited a judgment for damages for injuries sustained by plaintiff, was reversed for the giving

of conflicting instructions which prevented the court from determining the theory upon which the verdict was returned. The court said:

". . . The instructions are to be construed together, but where the instructions are flatly contradictory, as is the case where the jury is instructed upon a specific state of facts to bring in a verdict in favor of the plaintiff or defendant and is elsewhere instructed in general terms not to do so, the instructions must be held to be conflicting and prejudicial, because it cannot be ascertained upon what theory the verdict was returned. . . . Under this condition it cannot be said that there is no miscarriage of justice when it cannot be ascertained from the record upon what theory the jury was authorized by the instructions of the court to render its verdict. . . .

"Because of the foregoing erroneous instructions, it will be necessary to reverse the case."

The conflicting instructions, one of which was given at the request of the defendants, consist of a positive charge that ". . . As a matter of law the defendants are guilty of negligence which was a proximate cause of the death of Norma Wright," and a contrary charge, in effect, that defendants would be relieved of liability for negligence if it appeared that Ross Sniffin was confronted with an emergency at the time of the accident and merely failed to exercise the best of judgment in the manner in which he then operated his machine. The latter instruction is inapplicable to the undisputed evidence which shows that he voluntarily and wrongfully placed himself in that dangerous position by attempting to pass the bicycle by traveling on the wrong side of the highway within 100 feet of the intersection. That instruction reads:

"You are instructed that a different rule of negligence applies in cases of emergency from that which applies when a person has an opportunity to stop and consider his course of action. Therefore, if the defendant Ross Laverne Sniffin was confronted with an emergency, without fault on his part, the mere failure on his part to exercise the best judgment that the case renders possible does not establish a lack of care on his part which renders him liable in this case. The short period of time in which he was obligated to act and the impending danger to himself and to Norma Wright, with the consequent excitement attending such a situation, must be taken into consideration. If, therefore, you find from the evidence that

the defendant was faced with an emergency and adopted the course of action which to him seemed best under the circumstances, and in so doing he acted as any ordinary prudent person would have acted under those same circumstances, and that there was no other act or omission on his part which was a proximate cause of the accident, that is all that can be required of him, even if you believe from the evidence that had he done something else there was a possibility or chance that the accident might have been avoided.''

It is apparent that the jury accepted the foregoing instruction as applicable to the facts of the case. The jury had a right to assume that the court deemed it to be applicable to the issues in the case, or it would not have been given.

It is absolutely inconsistent with the first quoted instruction to the effect that defendants were guilty of negligence as a matter of law. We must assume that the jury may have decided in favor of the defendants in accordance with the last quoted instruction solely on the doctrine of excusing a defendant for error in judgment for conduct performed in the stress of an emergency, and not otherwise. To be sure, the jury may have returned a verdict for the defendants on the ground that Norma Wright was guilty of contributory negligence. But we have no means of determining which theory prompted the jury to return its verdict.

In the present case we may not say as a matter of law that Norma Wright was guilty of contributory negligence for the reason that she failed to give adequate warning that she intended to cross the highway to her left. The only evidence of her failure to give such warning was the testimony of Ross Sniffin, one of the defendants. The two girls who accompanied Norma at the time of the accident were not called as witnesses. We may not speculate as to what their testimony might have been on that subject. There was a conflict of evidence regarding Norma's failure to give the warning signal, which was created by the legal presumption that she used due care for her own safety. There was no evidence on the part of plaintiff dispelling, or tending to dispel, that presumption. It was a factor to be considered in determining Norma's alleged contributory negligence. That presumption reinforces the uncertainty as to whether the jury rendered its verdict for defendants on account of her alleged contributory negligence or merely because the jury was instructed that defendants were excusable on account of the emergency.

We are convinced the instruction on emergency has no

application to the facts of this case, because the driver of defendant's machine voluntarily placed himself in that critical situation, and in so doing violated the statute by attempting to pass a vehicle within 100 feet of the intersection.

Regarding the presumption of due care, which definitely applies to the facts of this case, the Supreme Court said in *Anthony* v. *Hobbie*, 25 Cal.2d 814, at page 819 [155 P.2d 826]:

"The plaintiffs are entitled to the aid of the presumption that decedent used due care for his own concerns. (Code Civ. Proc. § 1963(4).) The case was a proper one for the application of that presumption. (*Westberg* v. *Willde*, 14 Cal.2d 360 [94 P.2d 590].) That such presumption was not dispelled from the case is obvious from the foregoing discussion showing that plaintiffs' own evidence did not show decedent was guilty of contributory negligence as a matter of law. Certainly if he was not guilty of contributory negligence as a matter of law, there is no evidence completely refuting the presumption that he was not. The rule is stated in *Westberg* v. *Willde, supra*, 365, quoting from *Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1 [210 P. 269]."

The appellant also urges as ground for reversal of the judgment the refusal of the court to give to the jury two proffered instructions involving proper elements to be considered in determining the degree of care, or the responsibility of an immature child of the age of Norma for her acts and conduct. The instructions appear to conform to correct principles of law, and were applicable to the facts of this case. They might well have been given to the jury. But it is unnecessary to discuss the merits of those instructions, or to determine whether they may have been adequately covered by others which were given to the jury, in view of what we have said regarding the giving of the conflicting and misleading instructions previously quoted. For the same reason it is unnecessary to determine whether plaintiff's motions for judgment notwithstanding the verdict, and for a new trial, were erroneously denied.

The judgment is reversed.

Adams, P. J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied July 14, 1947, and respondents' petition for a hearing by the Supreme Court was denied August 7, 1947. Edmonds, J., and Traynor, J., voted for a hearing.