[Civ. No. 21636.   Second Dist., Div. Three.   Dec. 28, 1956.]

AGNES SMITH, Respondent, v. DAVID KILE et al.,
Appellants.

King & Mussell and John Lewis King for Appellants.

Ball, Hunt & Hart and Clarence S. Hunt for Respondent.

WOOD (Parker), J.—Action for damages for wrongful death caused by an unvented gas heater. Plaintiff is decedent's mother. Defendants are the owners of the building in Lynwood where the death occurred. Judgment upon a verdict was for plaintiff. Defendants appeal from the judgment.

Appellants contend that the court erred in instructing the jury.

About January 1, 1954, defendants rented a room to Robert Lee Smith, 19 years of age. An open flame gas heater, which was in the room, had a cracked mantle, was unvented, and was attached to a gas outlet by a flexible rubber hose. Defendants had obtained and installed the heater in December, 1953. They did not obtain a permit from the city of Lynwood to install the heater, and did not request an inspection of the installation. On Friday, April 2, 1954, Mr. Smith left his room about 6 o'clock in the evening, and returned sometime after 2:30 o'clock Saturday morning. It was a cold morning. About 3:30 o'clock Saturday afternoon two friends of Smith went to the door of his room. There was no response to a knock on the door. The door and the windows of the room were locked. One of the friends broke a window, reached inside and unlocked the door, and entered the room. Mr. Smith was lying on his bed and was fully clothed. There was no flame in the heater. The gas was turned on, the room was hot and filled with gas. A doctor, who arrived shortly thereafter, determined that Mr. Smith was dead. The cause of death was carbon monoxide poisoning due to burning illuminating gas.

There was conflicting evidence as to whether or not the heater was located in its usual place in the room at the time the body was found.

Mr. Chaney, called as a witness by plaintiff, testified that he was a chemical engineer; he had examined the heater; it had a carbon monoxide output in excess of 1 per cent; the standard for a heater of that type was .02 per cent; the heater when operated at full capacity in a room such as the one involved here would produce enough carbon monoxide gas to be invariably fatal in less than an hour; if one window were open in the room, the heater would produce enough carbon monoxide gas to be dangerous to human life; the heater had a vent opening which could be connected to a chimney or vent; if the vent opening had been connected to a pipe leading to the open air, approximately 75 per cent of the gas would have been carried off.

Section 9 of Ordinance Number 560 of the city of Lynwood was introduced in evidence. That section provides, in part, as follows: "It shall be unlawful to install, sell or use any open flame heating appliance in the City of Lynwood, . . ."

Appellants contend that the court erred in giving the following instruction: "You are instructed that with reference to Section 9 of Ordinance No. 560 of the City of Lynwood, wherein it is declared that 'it shall be unlawful to install, sell or use any open flame heating appliance in the City of Lynwood,' 'install' means to set up or place in a position for use or service, and 'use' means that enjoyment of property which consists in its employment, occupation, exercise or practice."

Appellants argue that the words "install" and "use" as contained in the ordinance required no judicial interpretation; that the interpretation of those words in the instruction was confusing, unintelligible, and prejudicial to appellants; that the definition of the word "use," in the instruction, was not correct; that the instruction had the effect of limiting or applying the provisions of the ordinance to appellants only. It seems to be their argument that according to the definitions in the instruction the appellants (owners) were the installers and users of the heater, and that the renter was not a user. The definition of the word "use," in the instruction, is a definition stated in Webster's International Dictionary, 1951 edition. It was not error to give the instruction.

Appellants contend that the court erred in giving the following instruction: "Conduct which is in violation of Section 9 Ordinance #560 of the City of Lynwood or sections 16900 or 16905 Health & Safety Code just read to you constitutes negligence per se. This means that if the evidence

supports a finding, and you do find, that a person did so conduct himself, it requires a presumption that he [or] [she] was negligent. However, such presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence. In this connection, you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him without moral fault, to do otherwise.'' This instruction will be referred to hereinafter as Instruction Number 2. The record shows that this instruction was given at the request of appellants and respondent. ■ ''A party cannot complain of an instruction given at his own request or of an error in an instruction given at the instance of his adversary when he requests a substantially similar one.'' (*Yolo Water & Power Co.* v. *Hudson,* 182 Cal. 48, 51 [186 P. 772].)

■ Appellants contend that the court erred in refusing to give the following instruction: ''If you should find from the evidence that plaintiff's decedent violated Section 9 of Ordinance #560, of the City of Lynwood, just read to you, a presumption arises that he was guilty of contributory negligence. This presumption is not a conclusive one. It may be overcome by other evidence showing that under all the circumstances surrounding the event the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence. In this connection, you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him, without moral fault, to do otherwise. To prove that a violation of a statute (ordinance), such as that charged in this case, was excusable and justifiable, so as to overcome the presumption of negligence, the evidence must support a finding that the violation resulted from causes or things beyond the control of the person charged with the violation.''

Appellants argue that section 9 of the ordinance referred to in that instruction attempts to ''outlaw'' the type of heater, described in the ordinance, in such a manner that such a heater cannot be sold or installed or used by anyone; that the doing of any of those acts constitutes a violation of law; that under the common understanding of the word ''use,'' decedent used the heater. The record shows that respondent re-

quested a similar instruction in regard to a violation of the ordinance by appellants. Appellants' requested instruction (just quoted) would have limited the application of the provisions of the ordinance to decedent. Respondent's requested (similar) instruction would have limited the application of the ordinance to appellants. The court properly refused to give either instruction,. but did give said Instruction Number 2, quoted above, which was requested by appellants and respondent and which was applicable to · appellants and decedent.

Appellants contend that the court erred in giving an instruction, requested by respondent, wherein the court stated the issues that were to be determined. The instruction commenced with the words, "The issues to be determined by you in this case are these:" The issues stated therein pertained to negligence, proximate cause, contributory negligence and amount of damages. Appellants argue that the instruction was erroneous for the reason it did not include assumption of risk as an issue. In a separate instruction, requested by appellants, the jury was properly instructed as to assumption of risk. Also, at the request of appellants, the court gave a proper instruction as to the distinction between assumption of risk and contributory negligence. Furthermore, at the beginning of the trial, the court stated, in effect, that assumption of risk was an issue. The court further instructed the jury that it was not to single out any certain sentence or instruction, and ignore the others, but was to consider all the instructions as a whole, and to regard each in the light of all others. The instructions, when considered together, stated the issues. It is not reasonable to conclude that the jury believed that assumption of risk was not an issue.

The judgment is affirmed. The purported appeal from the order denying the motion for a new trial is dismissed.

Shinn, P. J., and Vallée, J., concurred.