[Civ. No. 24599.   Second Dist., Div. One.   Aug. 4, 1960.]

GUSTAVO CARPENA, Appellant, v. COUNTY OF LOS ANGELES, Respondent.

Julius Weled for Appellant.

Belcher, Henzie & Fargo and Leo J. Biegenzahn for Respondent.

SCOTT (Robert H.), J. pro tem.*—Plaintiff appeals from an adverse judgment in an action for personal injury. The case was tried by the court without jury. It was stipulated that the issue of liability should be tried and determined before evidence would be offered on the issue of damages. The court found that defendant was not negligent and that plaintiff was negligent and that such negligence was a proximate cause of his injuries.

At the time of the accident plaintiff was a prisoner riding in a Los Angeles County sheriff's department jail bus. On Sunday, February 23, 1958, plaintiff had been arrested, and on Monday, the 24th, he pleaded guilty to drunk driving and on Tuesday, the 25th, was placed in the jail bus for transportation from the city of Monrovia to the county jail in the city of Los Angeles. His hands were placed in hand cuffs with his hands in front of his body, in conformity with the sheriff's rule that prisoners in transit be handcuffed. The aisle was to the right of plaintiff.

Plaintiff was sleeping or almost asleep with his hands on the back of the seat in front of him and his head on his hands when the bus gave a jolt or jerk and plaintiff fell from his seat onto the floor of the bus, apparently hitting his head and right shoulder. He was assisted back to his seat and a compress was applied to his head where it was bleeding.

■■■ Plaintiff seeks to recover under section 400 (now numbered 17001) of the Vehicle Code. He contends that defendant failed to exercise the degree of care required by law and that he himself was without negligence.

It was raining very hard and there was water in the street several inches deep. The bus had dual wheels in the rear and in making a turning movement one of them hit something which caused the bus to bump or jolt. It was before 3 o'clock in the morning and was pitch dark. The driver of the bus did not know the cause of the jolt and his testimony furnished ample evidence upon which the court could find that he was exercising ordinary care. A fellow prisoner in the bus undertook to express an opinion that the wheel had hit a curb but it appears that he had not seen it do so and that from the position in the bus where he was sitting his testimony as to his perception of objects and conditions in the dark outside would have little if any probative value in determining how the jolt occurred. Another prisoner was sitting between him and the

*Assigned by Chairman of Judicial Council.

window and the witness was thrown slightly away from the window by the movement of the bus.

The deputy sheriff driving the bus testified that after the rain water had begun forming on the street he stopped the bus to check the depth of the water and then proceeded on his way. He then observed another vehicle which had struck a telephone pole on the opposite side of the divided highway on which the bus was travelling. He stopped the bus, reversed its direction for a short distance and then proceeded forward toward the other car to render assistance. In this forward movement a rear wheel struck something which caused the bus to lurch. There was a window on the side of the bus and as he backed the driver could see the curbline and the rear of the bus. He testified that he was from 8 to 10 feet from the curb at all times although he cautiously stated that it was possible that he had hit it. Shortly thereafter a portion of a saw horse which had been used as part of a barricade by the city when it was doing some street work was seen floating in the street. As to whether the bus had hit it was apparently purely conjectural.

It should be noted that the driver and the other deputy in charge of the bus had a right to assume, there being no evidence to the contrary which was brought to their attention, that plaintiff would occupy the seat in the usual manner and would exercise due care for his own safety. The posture which plaintiff assumed was demonstrated before the trial court but no adequate verbal description is included in the transcript of the testimony. We must assume that it was of a character which convinced the trial court that plaintiff had failed to exercise ordinary care for his own safety. On a dark and rainy night plaintiff had no right to place himself in a precarious position where a slight lurch or jolt would precipitate him into the aisle and then lapse into a sleeping or comatose state. There was no evidence that plaintiff was ill or was still intoxicated or in any way was not in possession of his faculties or unable to remain awake and properly in his seat if he chose to do so.

It is plaintiff's contention that defendant had the duty to exercise the utmost care in transporting plaintiff even though defendant is not a common carrier and at the time of the accident defendant was acting in a governmental capacity. Two cases are cited by plaintiff in support of this contention but each is a case involving a common carrier, one being a city transit bus (*Trichel* v. *City of Monroe* (La.App.), 43 So.2d 284), and the other a railroad train (*Clayton* v. *Philadelphia*

*B. & W. R.R. Co.*, 30 Del. (7 Boyce) 343 [106 A. 577]), and neither affords assistance to him. ▮ It appears in this case that defendant was at the most acting as a private carrier and certainly was required to exercise no more than ordinary care and prudence. (*Shannon* v. *Central Gaither Union School Dist.*, 133 Cal.App. 124 [23 P.2d 769]; *Foster* v. *Einer*, 69 Cal. App.2d 341 [158 P.2d 978]; *Hopkins* v. *Yellow Cab Co.*, 114 Cal.App.2d 394 [250 P.2d 330].)

Plaintiff had the burden of proving actionable negligence by a preponderance of evidence. The trial court found that he had not sustained this burden and further found that he was guilty of contributory negligence.

From a reading of the entire transcript we are unable to say that a different conclusion might reasonably be drawn than that which was drawn by the trial court but even if we were able to do so we would nevertheless be bound by the trial court's findings where as in this case there is evidence sufficient to support them. (*Owens* v. *White Memorial Hospital*, 138 Cal.App.2d 634, 638 [292 P.2d 288].)

Judgment affirmed.

Wood, P. J., and Fourt, J., concurred.