[Civ. No. 11450. Third Dist. Aug. 2, 1967.]

KARTAR SEHGAL, Plaintiff and Appellant, v. MARY ELLEN KNIGHT, Defendant and Respondent.

Dennis B. Kavanagh for Plaintiff and Appellant.

Rich, Fuidge, Dawson, Marsh, Tweedy & Morris and Dennis C. Noonan for Defendant and Respondent.

FRIEDMAN, J.—In this personal injury action plaintiff appeals from the judgment following a defense jury verdict.

Counsel are to be complimented for presenting this appeal on a well-conceived settled statement. The accident occurred in Marysville about 9 p.m. on June 16, 1963, at or near the signal-controlled intersection of Fifth Street and Highway 99 (E Street). There was evidence that this intersection lies within the central business district. Highway 99 runs north-south and at that point contains six traffic lanes. Plaintiff Sehgal testified that he commenced to walk across Highway 99 from east to west in the north crosswalk, complying with a green traffic light; that halfway across the first three lanes he became conscious of an automobile approaching from his left (south); that he commenced to run to avoid the automobile but was struck either within the crosswalk or several feet outside it.

Mrs. Knight, the defendant, testified that she had stopped for a red light at the intersection; that when the light changed to green she proceeded across; that she did not see plaintiff until an instant before the impact when he jumped out in front of her vehicle 20 or 30 feet past the north cross-

walk; that plaintiff was thrown 12 to 15 feet. Several witnesses observed plaintiff either just before or during the impact. Mr. Peake testified that plaintiff was about 15 feet outside the crosswalk just preceding the impact. Mrs. Goodnight thought that he was about 20 feet outside the crosswalk at that point of time. Mr. Block's estimate of plaintiff's distance outside the crosswalk was 75 feet. Two Highway Patrol officers testified that the point of impact was 51 feet from the crosswalk.

Vehicle Code section 21954 requires every pedestrian crossing a roadway outside a marked crosswalk to yield the right of way to vehicles.[1] Vehicle Code section 21961 declares: "This chapter [which includes section 21954] does not prevent local authorities from adopting ordinances prohibiting pedestrians from crossing roadways at other than crosswalks."

In effect at the time of the accident was Marysville Ordinance Number 678, a section of which declares: "No pedestrian shall cross a roadway other than by a crosswalk in the central traffic district or in any business district."

The issue of plaintiff's contributory negligence and his possible "jaywalking" was discussed in the jury arguments of both counsel. Defendant's counsel called the jury's attention to the Marysville ordinance and said that it prohibited jaywalking. Plaintiff's counsel argued that Mr. Sehgal had been chased out of the crosswalk by the approach of Mrs. Knight's automobile; that even if he had started to cross the street outside the crosswalk, this fact would not constitute contributory negligence *per se* under the Marysville ordinance, because the state Vehicle Code permits street crossing other than in a crosswalk.

 First assignment of error is a jury instruction consisting of a reading of the Marysville ordinance. Plaintiff argues the unconstitutionality of the ordinance, claiming that it conflicts with the Vehicle Code provisions, which preempt the field.

Vehicle Code section 21961 was first enacted in 1943, in apparent response to a series of court decisions invalidating

---

[1]The full text of Vehicle Code section 21954 is as follows:

"(a) Every pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.

"(b) The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway."

local jaywalking ordinances. The leading decision was *Pipoly* v. *Benson* (1942) 20 Cal.2d 366 [125 P.2d 482, 147 A.L.R. 515]. Calling attention to such statutory regulations as now appear in Vehicle Code section 21954, the court held that state law had preempted the regulation of pedestrian traffic at crosswalks, nullifying a Los Angeles ordinance identical to the present ordinance of Marysville.

Notwithstanding section 21961, plaintiff invokes *Holman* v. *Viko* (1958) 161 Cal.App.2d 87 [326 P.2d 551], which was decided after the enactment of the predecessor of section 21961. That decision found error in a jury instruction consisting of a Los Angeles ordinance which, the court held, was invalid, not being within the permissive terms of the statute now numbered Vehicle Code section 21961. The Marysville ordinance differs in significant respects from the Los Angeles ordinance nullified in *Holman* v. *Viko, supra.* The latter declared: "No pedestrian shall cross a roadway at any place other than by a route at right angles to the curb, or by the shortest route to the opposite curb except in a marked crosswalk.'" (*Ibid.,* p. 90.) The Marysville ordinance, in contrast, is an outright prohibition against crossing streets outside of crosswalks. The Holman court noted the distinction by observing that the state law "specifically authorized local ordinances wholly prohibiting crossing between intersections by pedestrians," while the Los Angeles ordinance was an attempted "regulation of manner of crossing." (*Ibid.,* p. 93.) The Marysville ordinance is fully within the terms of the authority conferred by section 21961 of the Vehicle Code. We find no invalidity in it.

■ Nevertheless, says plaintiff, if the Marysville ordinance is valid, the trial court committed error by conflicting instructions covering both the ordinance and Vehicle Code section 21954, subdivision (a). (See fn. 1, *supra.*) The court read the substance of the Vehicle Code provision as part of a standard jury instruction found in California Jury Instructions, Civil (BAJI 201-A).

Although not in constitutional conflict, the municipal ordinance and Vehicle Code section 21954, subdivision (a) actually conflict in the sense that each announces a different rule of care. The Vehicle Code provision impliedly permits the pedestrian to jaywalk, subject only to the obligation to yield to approaching vehicles. (*Holman* v. *Viko, supra,* 161 Cal. App.2d at p. 93.) The ordinance, on the other hand, is an outright prohibition of jaywalking. A pedestrian cannot

invoke the implied permission of the state law without violating the flat prohibition of the local ordinance. In extending authority for a local prohibitory ordinance, the Legislature meant the ordinance to be binding. It would not be binding if the pedestrian could avail himself of the implied permission in section 21954, subdivision (a). The municipality's prohibition must, in consequence, be viewed as an implied exception to the state's implied permission—an exception which the Legislature has specifically authorized the municipality to create.

The jury instructions on two rules of care, one inapplicable, were in conflict. Since the prohibitory ordinance applied, the court should not have instructed the jury on the permissive jaywalking rule of section 21954, subdivision (a).

■ There are two reasons why the error fails as a ground of reversal. Plaintiff, who assigns BAJI 201-A as error, joined the defense in requesting that instruction. ■ "A party cannot complain of an instruction given at his own request or of an error in an instruction given at the instance of his adversary when he requests a substantially similar one." (*Yolo Water & Power Co.* v *Hudson* (1920) 182 Cal. 48, 51 [186 P. 772]; *Smith* v. *Kile* (1956) 147 Cal.App.2d 314 [304 P.2d 1034].)

Secondly, the conflict in instructions was not prejudicial. ■ Some authorities declare that irreconcilably conflicting instructions are "erroneous and prejudicial," since the reviewing court cannot ascertain upon what theory the jury acted. (E.g., *Starr* v. *Los Angeles Ry. Corp.* (1921) 187 Cal. 270, 280 [201 P. 599]; *Rathbun* v. *White* (1910) 157 Cal. 248, 253 [107 P. 309]; *Wright* v. *Sniffin* (1947) 80 Cal.App.2d 358, 363 [181 P.2d 675].) Others, of equal dignity, hold that the prejudice emanating from the conflict depends on the particular circumstances of the case; or state that "substantial rights" of the party must be affected. (*Barkhaus* v. *Producers Fruit Co.* (1923) 192 Cal. 200, 210-211 [219 P. 435]; *Finley* v. *City & County of San Francisco* (1952) 115 Cal. App.2d 116, 122 [251 P.2d 687]; *Pittam* v. *City of Riverside* (1932) 128 Cal.App. 57, 68 [16 P.2d 768].) The latter pronouncements more accurately describe the reviewing court's function under article VI, section 13, of the State Constitution.

■ Plaintiff suffered no prejudice from these conflicting instructions. If the jurors followed the Marysville ordinance, their deliberations were correctly guided. If they followed the

inapplicable state law, plaintiff received the benefit of a rule of conduct more favorable to him than that really applicable. Under these circumstances, no prejudice resulted. (*Barkhaus* v. *Producers Fruit Co., supra,* 192 Cal. at p. 211.)

A copy of the Marysville jaywalking ordinance was admitted in evidence outside the jury's presence. By stipulation all exhibits were taken into the jury room for the jury's use. Neither side was aware that the Marysville ordinance had been included. Plaintiff assigns error, pointing out that jury instructions are not among the papers which may be taken into the jury room. He argues that the jury had before it a copy of the relatively unfavorable local ordinance but no copy of the relatively favorable state statute. The error, if any, was both invited and nonprejudicial (see *Granone* v. *County of Los Angeles* (1965) 231 Cal.App.2d 629, 658 [42 Cal.Rptr. 34].)

Judgment affirmed.

Pierce, P. J., and Regan, J., concurred.