[Civ. No. 6581. Second Appellate District, Division Two.—March 25, 1931.]

DOROTHY F. MOORE, a Minor, etc., Respondent, v. ROLAND P. BISHOP et al., Appellants.

.˙ Charles H. Goebel for Appellants.

W. Joseph Ford, J. F. Moroney and Patrick F. Kirby· for Respondent.

CRAIG, Acting P. J.—The respondent, a minor of the age of about nine years, was injured by a truck of the appellant copartnership, which was being driven by appellant Swadener, while attempting to cross a public street in the city of Los .Angeles. In an action by her guardian *ad litem* she was awarded judgment in the sum of $800, and the defendants appealed.

Respondent was walking with other children in an easterly direction on the sidewalk along the southerly side of Fourth Street. The truck was traveling in a southerly direction on Soto Street toward Fourth Street. Both entered the intersection at about the time the street signals changed to direct traffic easterly and westerly. The respondent testified that when she stepped into Soto Street she looked in each direction, and that the only machines she saw seemed to be about one block away. There is a conflict of evidence as to whether one or both signals had sounded when the children left the curb. One of them swore that the second signal had sounded when the truck arrived at the southerly line of the street-car tracks, and the driver testified that it was running at about twelve to fifteen miles an hour. It could reasonably have been inferred by the jury that appellant Swadener drove into the intersection without slackening speed nor contemplating the possibility of a change of signals or the presence of school children on the street.

Appellants' various contentions—that is, that there was no evidence of negligence, that the respondent was guilty of contributory negligence, and that an instruction as to the duty of the driver to foresee danger of children at the intersection and to control his truck accordingly was erroneous—present questions which under the circumstances of the case lay to a great extent within the province of the jury and the discretion of the trial court. As to whether or not the weight and speed of the vehicle, the importance and exigency of business as compared with safety, the proximity of a street crossing and imminence of stop-signals, as well as the rights of pedestrians, were all considered and observed, remained for the jury to determine. They were questions of fact which, if supported by any substantial evidence, were conclusively ascertained at the trial and there finally decided. A city ordinance introduced by the defendants provides that when a bell of the traffic signal rings no traffic shall enter an intersection until the green or "go" signal is shown, that "it shall be unlawful for any pedestrian to cross the roadway other than with released traffic", and that the "green" signal "requires that the traffic shall move and remain in motion, except when stopped for the purpose of avoiding an accident or in case of other emergency", etc. The rule applicable to steam railroads, that an engineer need not stop his train, but might assume that one approaching the track would halt or leave the right of way, is stressed by the citation of numerous authorities appropriate to such cases. And it is insisted from the foregoing that if respondent entered the intersection contrary to the provisions of the ordinance, she would be guilty of a violation of law, and hence of contributory negligence. This would compel the inference that the driver of an automobile upon urban highways, in thickly populated centers, may proceed with an assurance and momentum commensurate with the independence and dispatch of an interurban steam trunk line over a private right of way. In view of the record in this case, either proposition would be abhorrent to the law and to reason. Not alone is there evidence from which the jury might properly have concluded that the children did not violate the ordinance in this respect, but they would have been justified in finding, as doubtless they did, from the

speed of the machine and the circumstances of the collision, that the truck entered the intersection after the signal had sounded, and that it was not under control, enabling the driver to comply with the exception, "for the purpose of avoiding an accident". ■ It has repeatedly been held that the driver of an automobile has no right to assume that the road is clear, but under all circumstances, and at all times, he must be vigilant and must anticipate and expect the presence of others. (*Meyers* v. *Bradford,* 54 Cal. App. 157 [201 Pac. 471] ; *Rush* v. *Lagomarsino,* 196 Cal. 308 [237 Pac. 1066] ; *Morgan* v. *Los Angeles Rock & G. Corp.,* 105 Cal. App. 224 [287 Pac. 152].) ■ Further, contributory negligence will not ordinarily be attributed to a child of tender years. (*Seperman* v. *Lyon Fire Proof Storage Co.,* 97 Cal. App. 654 [275 Pac. 980].) Contributory negligence of a minor must, in the nature of the case, be a question of fact for the jury rather than of law for the court; and it is their province to determine whether or not the child duly exercised such judgment as she possessed, taking into consideration her years, experience and ability. The ordinary care which a child of limited judgment and experience is called upon to exercise in a given act is not the same *quantum* of care which an adult would be called upon to use under the same circumstances. (*Foley* v. *California Horseshoe Co.,* 115 Cal. 184 [56 Am. St. Rep. 87, 47 Pac. 42] ; *O'Connor* v. *Golden Gate W. M. Co.,* 135 Cal. 537 [87 Am. St. Rep. 127, 67 Pac. 966] ; *Jenson* v. *Will & Finck,* 150 Cal. 398 [89 Pac. 113].)

■ It is contended that the doctrine of last clear chance involves an assumption of gross negligence on the part of the defendant, and that the trial court erred in instructing the jury that "one having knowledge of the dangerous situation of another, and having a clear opportunity by the exercise of proper care to avoid injuring another, must do so, notwithstanding that the latter has placed himself or herself in such situation of danger by his or her own negligence. If, therefore, you should find from the evidence that the driver of the truck in question, which collided with the plaintiff, saw the plaintiff in the street and could have stopped his truck, without injuring her, and by so stopping the truck within the shortest time and space possible under the circumstances could have avoided the colli-

sion, and neglected to do so, in consequence of which neglect to so stop said truck the plaintiff was injured, then the plaintiff is entitled to a verdict, provided, after discovering her peril, she used ordinary care to escape injury''. It is contended that there is no evidence in the record tending to show that the driver had such opportunity and that he failed to avail himself thereof. Conflicting testimony of several witnesses placed the respondent at distances of from two to twenty-five feet from the westerly curb at the time of her injury by the truck. The driver's own version of the occurrence is far from consistent. It appeared that thousands of children daily crowded the streets at this intersection from four schools in the immediate vicinity, and that the driver constantly traversed the same and was fully aware of such conditions. It also appeared from his testimony that he first saw the child about sixty feet away, and that he continued his course about the same distance before stopping after the impact. The street was about sixty feet in width. When asked where he was when the bell rang, he testified: ''I was just entering the intersection,'' and that when the plaintiff started to cross he ''was just crossing the second car tracks''. ▮ ''The doctrine of the last clear chance applies equally to the case where the plaintiff is wholly unaware of the danger and for that reason unable to escape it, as to the case of being in a position of danger from which he cannot escape by the exercise of ordinary care.'' (*Hoy* v. *Tornich,* 199 Cal. 545 [250 Pac. 565].) From the evidence as disclosed to the jury, we do not deem the instruction in question unwarranted or prejudicial.

The defendants appealed from an order denying a new trial. Such order being reviewable only upon appeal from the judgment, the appeal therefrom is dismissed. The judgment is affirmed.

Thompson (Ira F.), J., and Archbald, J., *pro tem.,* concurred.