[Civ. No. 4594. Third Appellate District.—November 10, 1932.]

PEDRO CUADRADO, Respondent, v. JOHN V. TARVER et al., Appellants.

King & King for Appellants.

R. F. Hunnewell for Respondent.

THE COURT.—This action was brought by plaintiff for damages resulting from the death of his son fourteen years of age, who was struck and killed by an automobile operated by defendant, Mabel Tarver.

The defendants are husband and wife. The said automobile was owned by the husband, and at the time of the accident was being operated by his wife with the consent and permission of the husband.

The case was tried by the court and judgment was rendered for plaintiff. Defendants filed a motion for a new trial and said motion having been denied, they have prosecuted this appeal.

Appellants set forth three grounds for reversal: 1. That the court erred in its finding that Mabel Tarver was guilty

of negligence; 2. That the court erred in finding that the said son of appellant was not guilty of contributory negligence; 3. That the court erred in denying the motion for a new trial.

This accident occurred on October 10, 1930, at around 3:30 P. M., in the village of Yountville, an unincorporated town. Appellant, Mabel Tarver, was proceeding south on the highway at a speed variously estimated by witnesses of from 15 to 30 miles per hour. On the east side of the highway near the place where the accident happened there are a schoolhouse and school grounds, and on the west side there is a hotel building. There was a school zone sign north of the place where the accident occurred and one south of it. By what authority or by whom these signs were placed there is not disclosed. The schoolhouse was, according to the testimony of the witness, from 300 to 600 feet north of the place of the accident. School had recessed some 15 minutes prior to Mabel Tarver passing it, but the pupils had not all left the school grounds. She was operating a Chevrolet automobile equipped with four-wheel brakes. When she was 50 feet from the southeast corner of the hotel building she saw the deceased come from the south end of said building on a bicycle.

The highway at this point is about 60 feet wide, the center being graveled and oiled to a width of from 22 to 27 feet. From the hotel building to the west line of the highway is 22 feet. There is a cowpath 18 inches wide along the south end of said hotel building and about 10 feet south of it, and it was along this path that deceased was traveling on his bicycle, prior to entering upon the highway.

As to just what took place after deceased crossed the 22-foot space between the hotel building and the highway the evidence is conflicting. Mrs. Tarver testified that he came out from behind the building and came directly toward her; that she was driving at a speed of 15 to 20 miles per hour and he was traveling at the same speed; that to avoid hitting him she turned to the right and he immediately turned to the right. She then turned to the left and he turned to the left and was struck by the right front end of her automobile; that after the accident she drove a short distance to the left-hand side of the road and stopped and then crossed to the right-hand side, and stopped and got out of her machine and

came back to the scene of the accident. She further testified that when deceased was within 18 feet of her and coming directly toward her she put on her brakes but did not throw out her clutch. She is contradicted in material parts of her testimony by two of her own witnesses.

Edward D. Connors, one of appellants' witnesses, testified that when deceased came from the south end of the hotel building and entered upon the highway, he was traveling at a speed of 8 or 9 miles an hour, at the same time Mabel Tarver was driving her car at a speed of 25 miles per hour; that deceased did not turn north upon said highway, but on the contrary, crossed off toward the east or left of the highway and was turning south when struck.

Greenwald, another witness for appellants, testified that deceased traveled straight across the highway, that witness did not see the impact of the automobile with the bicycle, but heard the brakes of the automobile squeak and the noise of the bicycle striking the pavement, and the body of deceased was thrown or dragged some distance south of this point.

There was evidence that Mrs. Tarver was traveling at the rate of 25 or 30 miles per hour at the time of the accident; that after she struck deceased and his bicycle, they were carried a distance of 20 or 30 feet; that the accident occurred near the center of the highway and that the body of deceased was near its east or left side of the oiled portion; that after striking deceased, Mrs. Tarver swerved almost to the east edge of the highway and did not stop until she had gone about 100 feet from the place of the accident.

It has been repeatedly held that the driver of an automobile has no right to assume that the road is clear and at all times must anticipate and expect the presence of others (*Moore* v. *Bishop,* 113 Cal. App. 25 [297 Pac. 580]), and, in order to avoid the charge of negligence, must keep his machine under such control as will enable him to avoid a collision with another person using proper care and caution, and, if the situation requires, he must slow up and stop. (*Morgan* v. *Los Angeles R. & G. Corp.,* 105 Cal. App. 224 [287 Pac. 152]; *Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335–340 [208 Pac. 125].)

Mrs. Tarver was some 50 feet away from deceased when she saw him entering upon the highway. According to her testimony she did not throw out her clutch nor put

on her brakes until she was within 18 feet of him; at this time her speed was from 25 to 30 miles per hour.

There is evidence that she did not apply her brakes until the instant of the impact and corroborative of this is the fact that her machine dragged or pushed the body of the deceased and the bicycle 20 or 30 feet, and that she did not bring her automobile to a stop until she was 100 feet from the place of the accident.

We are of the opinion that there was substantial evidence to support the finding that Mrs. Tarver was guilty of negligence.

The burden of proving that the negligence of deceased contributed to the accident was, of course, on appellants.

If, as testified by Mrs. Tarver, the deceased turned to the north and ran into her machine, then he was guilty of contributory negligence. But this is contradicted by her own witnesses, one of whom testified the deceased went straight across the highway and the other that, after going upon the highway, he was turning south when struck.

We are also of the opinion that appellants failed to sustain the burden of proof that deceased was negligent.

The remaining contention of appellants is that the trial court erred in denying its motion for a new trial. This contention is based mainly upon the affidavit of appellants' witness Connors. In this affidavit Connors stated that when he was called to the stand as a witness at the trial of the case, he was in an intoxicated condition and his mind was dazed and confused; that the facts to which he testified on the witness-stand were not true; that in fact deceased turned north after entering upon the highway and rode his bicycle in front of the automobile.

Appellants cite the case of *Rodriguez* v. *Comstock*, 24 Cal. 85, in support of this contention. That case is not in point. In that case the witness had informed the party who called him that he would swear to certain facts, but on the witness-stand he testified to the contrary. In the instant case, there was no proof offered that Connors had told appellants he would swear to certain facts or to any facts whatever before testifying. Under these circumstances, it cannot be said that they were surprised by his testimony.

It appears from the record that the trial judge questioned this witness to an extent and had full opportunity of observing his conduct and his manner of testifying on the witness-stand.

In the other affidavit in support of the motion for a new trial, that of Fred May, the facts stated therein are mainly cumulative, and there is no showing that appellant with reasonable diligence could not have discovered and produced the evidence of this witness at the trial.

We are of the opinion that the trial court did not abuse its discretion in denying the said motion.

The judgment is affirmed.