[Civ. No. 1123. Fourth Appellate District.—November 9, 1934.]

W. H. ARMSTRONG, Respondent, v. JOHN STUDER, Appellant.

Kendall B. Perkins for Appellant.

R. I. French for Respondent.

GRIFFIN, J., *pro tem.*—This action was brought to recover damages suffered by respondent herein, growing out of injuries sustained by him when the automobile which he was operating collided with an automobile driven by appellant.

The accident occurred about 11:30 A. M. upon a public highway in Imperial County, at a place approximately four miles southeast of the city of El Centro.

The case was tried by the court without a jury and judgment rendered in favor of respondent. The judgment is based upon the finding of fact that appellant was guilty of negligence in the operation of his automobile. Appellant contends that this finding is contrary to, and is unsupported by, the evidence, and that the undisputed evidence demonstrates, as a matter of law, that respondent was guilty of contributory negligence barring a recovery.

There is little dispute as to the facts. The collision of the two automobiles occurred on a public highway known as "The McCabe Highway." This highway is a main-traveled thoroughfare, extending in a general easterly and westerly direction. It is sparsely settled in the vicinity of the scene of this accident, the highway being bordered on either side by farms and ranches. It is undisputed that the surface

of the highway was in excellent condition and, likewise, there was a large volume of vehicular traffic on this highway, it being the main-traveled highway extending into this farming district. An irrigation ditch, known as the "Eucalyptus Canal," intersects this highway at right angles. Where the highway crosses the ditch, a bridge 20 feet in width by 20 feet in length, has been constructed to carry the traffic. The east and west approaches to the bridge are inclined, the bridge being six to eight feet above the grade of the highway. Because of the inclined approaches, one traveling on the highway towards the bridge does not have a clear view of the highway on the opposite side of the bridge until one is within about 10 feet of the edge of the bridge nearest him. Both plaintiff and defendant were quite familiar with all the surrounding conditions and territory.

Some 40 to 45 feet east of the bridge, a private dirt road or lane parallels the irrigation ditch, the grade of which is about four feet lower than the grade of the highway which it abuts and, upon entering the highway from this lane, it is necessary to ascend a sharp incline to attain the level of the highway. The view of the highway to the west is completely shut off by the west bank of the canal.

On the day of this accident, the court found specifically that plaintiff was proceeding down this lane with a mowing machine attached to the rear of his automobile, which was detached shortly before his arrival at the intersection, and that it was plaintiff's intention to enter the highway, proceed directly across the same to the north side thereof, and then to make a left turn west on the highway and proceed on his way.

Before reaching the highway, respondent states that he stopped, looked to the east and to the west down the highway for oncoming traffic and, seeing none approaching, proceeded in low gear up the incline onto the highway, no warning being given by sounding the horn or otherwise. When the front wheels and hood of his automobile had reached a point on the highway a distance of about two feet from the south line of McCabe highway and while headed directly north, it was struck by defendant's automobile, which had at that moment come over the bridge from the west. The right end of the front bumper of defendant's

car struck the left front wheel and fender of plaintiff's Ford, hurled it into a ditch to the south of the McCabe road some 30 feet from the point of impact and, according to the evidence, defendant's car proceeded eastward beyond the point of impact 100 to 150 feet before coming to a stop, causing damage to plaintiff's car and person. Plaintiff and his witnesses variously estimated the speed of defendant's automobile as it came over the bridge at from 30 to 40 miles per hour. Plaintiff fixes his own speed at about five miles per hour, as he drove onto the highway.

The facts of the case are practically undisputed and, due to the specific finding of the court, it requires only the application of the law to the facts found.

Considering the question of negligence of the defendant, we find that there is sufficient evidence on which the court may make a finding of negligence on the part of the defendant in reference to the speed of his car under the conditions surrounding his approach and his crossing over the bridge when his vision of the highway immediately in front of him in effect was obstructed and his inability to stop his car after he should have seen that which must have been apparent to him (sec. 113, California Vehicle Act; *Moore* v. *Bishop,* 113 Cal. App. 25 [297 Pac. 580]; *White* v. *Davis,* 103 Cal. App. 531 [284 Pac. 1086]; *Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335 [208 Pac. 125]).

Considering the finding of the court that plaintiff was not guilty of contributory negligence, we find a much closer question presents itself.

The evidence clearly shows that the plaintiff stopped and looked both in an easterly and westerly direction before proceeding upon the highway, and took every precaution necessary, had his vision to the west not been partially obstructed. We are quite familiar with the rule cited by appellant in *White* v. *Davis,* 103 Cal. App. 531, 542 [284 Pac. 1086, 1091], that:

"The question as to whether a given state of facts constitutes contributory negligence, as a matter of law, or whether it is a matter that should go to the jury, as a question of fact, is often a close one. The solution depends entirely upon the existing circumstances in each particular case. Unusual circumstances may determine in a given case whether or not reasonable minds might legitimately draw

different conclusions on the question of negligence. There seems to be a general rule running through the cases where a pedestrian, or one standing on a highway, is injured by an automobile, which usually determines whether the question of contributory negligence is one of law, or of fact.'' (Also cited with approval in *Stephens* v. *Kaufmann*, 137 Cal. App. 328 [30 Pac. (2d) 536].) ''Where the injured party fails to look at all, or looks straight ahead without glancing .to either side, or is in a position where he cannot see, or in other words, where he takes no precaution at all for his own safety, it is usually a question for the court. Where he looks but does not see an approaching automobile, or seeing one, erroneously misjudges its speed or distance, or for some other reason assumes he could avoid injury to himself, the question is usually one for the jury.

'' 'When the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then, and only then, does the law step in and forbid plaintiff a recovery. . . . Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury'.'' (*Moss* v. *H. R. Boynton Co.*, 44 Cal. App. 474 [186 Pac. 631, 632].)

■ Appellant contends that as the respondent's vision westerly down the road was limited to 45 feet, he was obliged to drive easterly on the highway to a place of safety and then make a complete turn. We see no merit in this contention.

From a study of the record, we find that the trial court might easily have found that both parties were negligent in the operation of their automobiles. If it had been held that each driver was guilty of negligence, there would have been ample evidence to support such a finding, and this court would certainly not have disturbed it. However, the trial court found that the respondent was free from any negligence and that appellant was guilty of the negligent operation of his automobile, and solely responsible for the accident and ensuing damage.

We cannot reverse a judgment because of conflicts in the evidence, nor because we might have rendered judgment in favor of the losing party, had we been sitting as trial judges. Therefore, having taken some precaution for his own safety and that of the defendant, the question of plaintiff's contributory negligence was one of fact to be decided by the trial court, and that court having so held, we cannot disturb this conclusion on appeal.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 7,