[Civ. No. 9135. Second Appellate District, Division Two.—January 21, 1935.]

ELENA CROOKS, Appellant, v. MISS VIOLET HOPE DOEG et al., Respondents.

22

Emmett A. Tompkins for Appellant.

Meserve, Mumper, Hughes & Robertson and Porter & Sutton for Respondents.

WILLIS, J., *pro tem.*—This is an appeal from a judgment of nonsuit in an action by a pedestrian for injuries suffered from collision with an automobile at a street inter-

section. Trial was begun with a jury, and plaintiff's evidence revealed the following facts: At the time of day usually called dusk, plaintiff was walking across a double or two-way highway in Westwood, there being a parked strip along the center. She had passed over one of the highways and the center parking and, having "looked for a clear crossing" of the second half of the highway and seeing no cars or traffic thereon, started across to the opposite side where she expected to board a bus when it arrived. This part of the highway was thirty feet wide. When she reached a point about twelve feet from the opposite curb she was struck by defendants' automobile, which approached from her right at a speed not definitely shown by proofs. The right front fender and headlight struck plaintiff and she was carried thereon for a distance of about thirty-seven feet before falling to the pavement, and the automobile stopped after traveling one hundred and two feet from the point of impact, the last forty-two feet of its course being evidenced by skid marks. Plaintiff did not see the automobile until it struck her, and the defendant driver's admissions made at the time revealed that she did not see plaintiff until at the moment of impact. No witnesses to the collision other than plaintiff testified, and the declarations and admissions of defendant driver comprised all the proofs relating to the driver's conduct and the speed of the automobile, other than such proofs as to speed as may be deduced under natural law from the evidence of distance and skid marks between impact and stopping place of the machine.

■ Under the law neither the pedestrian nor the automobile has a superior right of way, each being entitled to use the highway; and the conduct of both must be regulated and judged with reference to this fundamental rule. (*Burgesser* v. *Bullock's*, 190 Cal. 673 [214 Pac. 649].) ■ The driver of an automobile has no right to assume that the road is clear, and at all times must anticipate and expect the presence of others; and, in order to avoid the charge of negligence, must keep his machine under such control as will enable him to avoid a collision with another person using proper care and caution. (*Cuadrado* v. *Tarver*, 127 Cal. App. 434 [15 Pac. (2d) 898].) ■ In the absence of statute or ordinance to the contrary, the duties of the

pedestrian and the driver to use ordinary care while on the highway are equal and reciprocal, and the question whether either failed to exercise such care, founded on evidence from which different inferences may be drawn, is ordinarily one of fact and not of law. (*Filson* v. *Balkins*, 206 Cal. 209 [273 Pac. 578]; *Maggart* v. *Bell*, 116 Cal. App. 306 [2 Pac. (2d) 516]; *Burgesser* v. *Bullock's, supra.*) ■ There is no rule of law that absolutely requires the pedestrian to keep a continuous gaze in the direction from which automobiles may be expected, after once looking and justifiably concluding that he can cross an intersection in safety. (*Filson* v. *Balkins, supra.*) ■ Contributory negligence is a question of law only when the court is impelled to say from the facts that reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to the injury. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125]; *Pinello* v. *Taylor*, 128 Cal. App. 508 [17 Pac. (2d) 1039].)

■ It is clear from the evidence herein that the question whether respondent driver was negligent was a question of fact and not of law; and whether appellant was negligent was a question of fact to be determined from all the facts and circumstances in evidence, and was not a question which the trial court was authorized to decide as a matter of law. (*Reaugh* v. *Cudahy Packing Co., supra.*) The motion for nonsuit was therefore improperly granted.

The judgment is reversed.

Stephens, P. J., and Crail, J., concurred.