[Civ. No. 3167.   Fourth Dist.   Mar. 9, 1945.]

MARGARET KRUZIE et al., Respondents, v. MABEL
SANDERS et al., Appellants.

Hoge, Pelton & Gunther, Chester O. Hansen and Eckhart
A. Thompson for Appellants.

Thomas F. Lopez and Lawrence W. Young for Respondents.

BARNARD, P. J.—This is an action for damages for personal injuries arising out of an automobile accident. The only question with which we are concerned is as to whether Mrs. Kruzie, who was riding in an automobile driven by Mrs. Sanders, was a "guest" within the meaning of section 403 of the Vehicle Code. On a former appeal (*Kruzie* v. *Sanders*, 23 Cal.2d 237 [143 P.2d 704]), the Supreme Court reversed

a judgment based upon a nonsuit. It appeared from the evidence that Mrs. Sanders had repeatedly urged Mrs. Kruzie to accompany her on a trip from Coalinga to Fresno because she wanted Mrs. Kruzie's advice in the selection of a ring for her husband and her help in choosing Christmas presents for three girls who had formerly worked at a cafe operated by the Kruzies, and that Mrs. Kruzie went on the trip solely for the purpose of assisting Mrs. Sanders in connection with this shopping. It was held that the evidence was sufficient to support a finding that the principal purpose of the trip, including the furnishing of transportation to Mrs. Kruzie, "was not social but was to facilitate defendant's Christmas shopping." On a retrial of the action the evidence in this regard is about the same and the jury returned a verdict for $5,000 in favor of the plaintiffs. A motion for a new trial was denied and the defendants have appealed from the judgment.

The only point raised is that the court committed prejudicial error in sustaining objections to two questions asked of Mrs. Sanders. In the first instance, in reference to one of the three girls for whom Mrs. Sanders was supposed to be going to buy presents, the question was asked "Did you intend to purchase a present for her?" Mrs. Sanders replied: "I did not." Thereafter, an objection was made that the question was self-serving, followed by another objection that "It isn't relevant, proper or anything else." After some argument by counsel the court sustained the objection. However, no request was made to strike the answer which preceded the objection and the answer remained. No possible prejudice appears in this connection.

In the only other instance complained of, Mrs. Sanders was asked "Did you when you came to Fresno on December 16, plan to buy them Christmas presents?" This question referred to the three girls above mentioned. An objection made on the same ground was sustained.

The appellants rely on the general rule that a witness may be examined as to the intent with which he did a certain act when his intent is a material factor in the case, citing *Runo* v. *Williams,* 162 Cal. 444 [122 P. 1082] ; *Brown* v. *Newby,* 8 Cal.App.2d 203 [47 P.2d 1076] ; *Schubkegel* v. *Gordino,* 56 Cal.App.2d 667 [133 P.2d 475]. It is contended that the question of whether a person riding in an automobile is a passenger or a guest depends upon whether or not some form of compensation for the ride is given, and that whether

any supposed compensation constitutes a motivating influence for offering and accepting the ride depends upon the intent of the parties. It is argued that such cases as *McCann* v. *Hoffman,* 9 Cal.2d 279 [70 P.2d 909]; *Whitechat* v. *Guyette,* 19 Cal.2d 428 [122 P.2d 47]; and *Druzanich* v. *Criley,* 19 Cal.2d 439 [122 P.2d 53], have established the rule that the intent with which a ride is offered and accepted is an important element in such a case.

Beyond question, the intent with which a ride is offered and accepted has a direct bearing upon whether the person accepting the ride is a passenger or a guest within the meaning of this statute. Ordinarily, at least, this would be the intent expressed or disclosed by the acts of the parties rather than any secret or undisclosed intent which they may have had. As a practical matter, it would make little difference here whether or not Mrs. Sanders actually intended to do this particular shopping if, in fact, she told Mrs. Kruzie that she did intend to do it and asked her to make the trip for the purpose of giving assistance in such shopping. Mrs. Sanders testified very definitely that she had not asked Mrs. Kruzie to go on this trip for this purpose, that she had not told Mrs. Kruzie that she desired her assistance in connection with this shopping, and that there had been no conversation between them to that effect. Mrs. Kruzie testified flatly to the contrary and the jury has accepted her testimony as true. In view of the rather extensive evidence as to what was said and done by these parties, it is unreasonable to believe that the result would have been changed had Mrs. Sanders been allowed to testify as to her unexpressed intention. Under these circumstances, any possible error could not be held sufficiently prejudicial to require or justify a reversal.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.