[Civ. No. 3737.   Fourth Dist.   Feb. 28, 1949.]

YUICHI MATSUMOTO et al., Appellants, v. JOE ROBERT RENNER et al., Respondents.

C. Ray Robinson, Margaret A. Flynn and Lucius Powers, Jr., for Appellants.

Stammer & McKnight for Respondents.

MUSSELL, J.—This is an appeal from a judgment in favor of defendants, after a jury trial, in an action for the wrongful death of plaintiffs' daughter who sustained fatal injuries when the car in which she was riding as a guest collided with a truck being driven by defendant Renner. The accident happened at about 6 o'clock p. m., December 26, 1945, on Ventura Avenue, near DeWolf Avenue, in Fresno County. Shortly before the accident Renner drove the truck, owned by Carr, to the Leonard Packing Company about 1½ miles southeast of the scene of the collision and loaded it with about 8 tons of packed grapes. He then inspected the truck lights, found them to be working properly, drove north on Leonard Road and turned west on Ventura Avenue.

Renner testified that approximately 200-250 yards from the point of collision he was traveling around 35 to 40 miles an

hour when the truck lights began to flicker and go on and off; that he immediately tried to adjust the switch and dimmer control and started to slow down and drive off the highway to see what the trouble was; that 10 or 12 seconds elapsed from the time the lights started to go on and off until the accident and that the lights did not go out completely prior to the collision; that he was turning to the right off the pavement and traveling at about 5 miles an hour when the other car hit the left rear corner of the truck; that the brakes on the truck were in good condition and it was equipped with two taillights, stop and clearance lights, and in all there were five lights and two reflectors on the back of the truck.

A highway patrol officer testified that in his opinion it would not have been safe to drive a loaded truck off the highway and onto the sandy shoulder of the road at a speed of 35 or 40 miles per hour; that the point of impact was 3 feet north of the white line and that 28 inches on the left rear of the truck had apparently been in contact with the automobile; that the two taillights on the truck were of reflectorized red glass, so cut that they would reflect a light coming from the rear even when the taillights were not burning; that in addition to the two taillights there were two large reflectors of beaded glass about 6 inches in diameter on the rear of the truck. A tractor mechanic examined the truck at the scene of the collision and found the battery was "dead" and that the battery cable had been "shorted out," a condition which would cause the lights on the truck and the ignition system to fail to operate.

At the time of the accident Miye Ihara was driving a Chrysler automobile in which Midora Matsumoto (the deceased) was riding, and was traveling behind the truck in the same direction on the highway. The Chrysler was owned by a Mr. Powers, and both Miye Ihara and deceased had obtained permission from him to use it for the purpose of going to Sanger so that deceased could get some clothing she wanted to wear on a trip. Miye Ihara was driving because deceased did not drive and had requested Miye Ihara to drive for her. The lights of the Chrysler were on high beam and Miss Ihara was traveling on the right side of the white line at about 40-45 miles an hour when she saw a shadow about 50 feet ahead. She applied the brakes, tried to swerve to the left and struck the left rear of the truck with such force as to almost entirely demolish the right side of the automobile. Miye Ihara testified

that she didn't remember that any car came towards her just before the accident; that just before the accident happened the deceased was sitting beside her to the right in the front seat of the Chrysler; that deceased was awake looking straight ahead and did not say anything or give any warning sign of anything on the highway ahead within the last 350 feet before the accident.

The truck driver testified that there were no cars in sight from the time the truck lights started to flicker until some time after the collision.

At the point of the collision the highway was straight and level, the paved portion was 15 feet wide with paved shoulders on each side 4 feet in width.

Plaintiffs first contend that the evidence is insufficient to support the verdict in that there was no evidence of contributory negligence upon the part of the deceased and that the admissions of defendant Renner establish that he was negligent as a matter of law.

■ As a general rule the questions of negligence and contributory negligence are questions of fact for the jury. (*Foster* v. *Einer,* 69 Cal.App.2d 341, 346 [158 P.2d 978]; *Wright* v. *Sniffin,* 80 Cal.App.2d 358, 362 [181 P.2d 675].) If we assume there was no contributory negligence on the part of deceased there still remained the question of proximate cause for determination by the jury and there was substantial evidence from which the jury could find against the plaintiffs.

The admissions of defendant Renner do not establish, as a matter of law, that he was negligent in that he was driving with inadequate brakes or lights and at a dangerously slow rate of speed, or in that he failed to look to see if there was oncoming traffic, or in that he failed to signal. There was testimony from which the jury could find that the brakes and lights were adequate and that Renner did look for oncoming traffic. Whether Renner failed to signal, or under the factual situation presented it was an act of negligence if he failed so to do, were questions for the jury to determine on conflicting evidence.

■ Plaintiffs' contention that the motion for a directed verdict was improperly denied, and that the motion for judgment notwithstanding the verdict should have been granted, is without merit since the evidence supports the findings and verdict of the jury.

It is next argued that the instructions were erroneous, misleading and prejudicial as to negligence and proximate cause, contributory negligence, and emergency.

Plaintiffs argue that it was error for the trial court to instruct the jury upon the subjects of negligence and contributory negligence because it appeared in the evidence as a matter of law that defendants were guilty of negligence and that Midora Matsumoto was free from any contributory negligence on her part. Negligence and contributory negligence were issues raised by the pleadings and defendants were entitled to have the jury instructed as to their theory of the case. (*Buckley* v. *Shell Chemical Co.*, 32 Cal.App.2d 209, 216 [89 P.2d 453]; *Gedzo* v. *Bergen*, 53 Cal.App.2d 667, 675 [128 P.2d 683].)

Plaintiffs complain that the jury was told that the burden was upon plaintiffs to prove that negligence on the part of defendants was "the" proximate cause of the injuries complained of, rather than "a" proximate cause of such injuries. From the instructions, considered as a whole, it appears that the jury was not misled. The jury was told that defendants based their defense upon the proposition that they were not guilty of any negligence which was "a" proximate cause of the accident; that the jury was not to speculate as to whether any negligence on the part of the defendants was "a" proximate cause of the collision; that its verdict must be for defendants if the jury could not determine that any act or failure to act on the part of the defendants was "a" proximate cause of the accident; and that the doctrine of emergency could apply to defendants' benefit only if the jury found that no other act or omission of respondents was "a" proximate cause of the accident. The court also instructed the jury that if they found from the evidence that the sole proximate cause of the accident involved was either the negligence of the defendants, or the combined negligence of the defendants and the driver of the car in which the deceased, Midora Matsumoto, was riding, that they were still required and obligated to return a verdict in favor of plaintiffs. In the circumstances here presented the use of the word "the" instead of "a" was not prejudicial error. (*Squier* v. *Davis Standard Bread Co.*, 181 Cal. 533, 536 [185 P. 391]; *Bramble* v. *McEwan*, 40 Cal.App.2d 400, 413 [104 P.2d 1054]; *Dieterle* v. *Yellow Cab Co.*, 53 Cal.App.2d 691, 694 [128 P.2d 132]; *Briggs* v. *Jess Mead, Inc.*, 93 Cal.App. 666, 676 [270 P. 263].)

█ Plaintiffs claim that it was highly prejudicial for the court to charge the jury that:

"The plaintiffs in this case claim that at the time of the collision the truck driven by the defendant Joe Robert Renner was not equipped with lighted tail lights as required by law.

"However, you are instructed as a matter of law, that even though you should find the tail lights were not burning at the moment of the accident, this, in itself, did not necessarily constitute negligence on the part of the defendants, unless you also find that the defendants knew, or through the exercise of ordinary care, ought to have known that the lights were not burning properly, and then did not exercise reasonable and ordinary care in connection therewith.

"A violation of a provision of law does not necessarily constitute negligence, or constitute the violator liable for damages; and if it appears from the evidence that the violation resulted from causes beyond the power of the violator to prevent and that there was legal excuse or justification for the violation, there is no liability therefor; and, in this case, if you find that the defendants exercised ordinary care to comply with all requirements of law, and then used reasonable and ordinary care in the operation of the vehicle after they knew that the lights were not functioning properly, they were not guilty of negligence in this particular, even though the tail-lights were out when the collision occurred."

This instruction is not prejudicially erroneous. As was said in *Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195, at 199 [215 P. 675]:

"If one drives a motor vehicle in the night-time when he knows, or in the exercise of ordinary care ought to know, that the tail light is not burning, he is guilty of negligence. While ignorance of the law is no excuse, ignorance of the fact, where ordinary care has been exercised, is a sufficient excuse. Violation of an ordinance 'is presumptively an act of negligence and conclusively so until rebutted by evidence that it was justifiable or excusable under the circumstances.' (Citing cases.)"

Cases to the same effect are *Satterlee* v. *Orange Glenn School District*, 29 Cal.2d 581, 588, 589 [177 P.2d 279]; *Nelson* v. *Signal Oil & Gas Co.*, 10 Cal.App.2d 448 [51 P.2d 885].

█ Plaintiffs further argue that there was no pleading, issue, or any evidence of contributory negligence on the part of deceased, and that the jury should have been so instructed,

and that the court erred in giving instructions as to contributory negligence. It is alleged in the answer "that at said time and place, said Midora Matsumoto . . . negligently drove, operated, used and rode in said Chrysler automobile, and thereby caused said Chrysler automobile to run into and against said truck driven by the defendant Joe Robert Renner; and that said negligence on the part of said Midora Matsumoto . . . proximately caused and contributed to any and all injuries and damages suffered in said collision and to the death of said Midora Matsumoto."

The issue was sufficiently raised by the pleadings. The evidence, while conflicting, would justify an inference that the deceased was negligent. Appellants themselves offered a number of instructions relating to the matter of contributory negligence and the burden of proof in that connection, which were given by the court. Under the circumstances it was not reversible error to submit that issue to the jury under the appropriate instructions which were requested.

Plaintiffs finally contend that the court should not have given an instruction on the doctrine of emergency. The contention is based on the assertion that the evidence did not justify a finding that an emergency existed; however that was a factual question for the jury and we cannot disturb the finding on appeal under the circumstances set forth in the record.

The judgment is affirmed. The attempted appeal from the order denying plaintiffs' motion for new trial is dismissed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied March 28, 1949, and appellants' petition for a hearing by the Supreme Court was denied April 28, 1949. Carter, J., voted for a hearing.