[Civ. No. 18236. Second Dist., Div. One. Oct. 16, 1951.]

ROBERT L. HAMLET, Appellant, v. ARTHUR W. HOOK, Respondent.

Gray, Binkley & Pfaelzer, John T. Binkley and William G. Robertson for Appellant.

Bauder, Gilbert, Thompson & Kelly for Respondent.

HANSON, J. pro tem.—The only question we are called upon to determine in this case is whether the court erred in giving to the jury an instruction which was requested by the

defendant and in refusing to give two instructions requested by the plaintiff, who is the appellant here. The jury returned a verdict for the defendant below, respondent here.

The record discloses that in broad daylight the automobiles driven by plaintiff and defendant collided at a street intersection in a residential district in Pittsburg, Kansas. At the time the plaintiff was proceeding northerly and the defendant westerly on streets which intersected. The intersection was 30 feet in width from west to east and south to north.

The evidence is that the plaintiff observed the defendant's automobile approaching the intersection from his right when his own automobile was 25 feet distant from the intersection, but that the defendant did not observe the car of the plaintiff until he was 10 feet from the intersection at which time he applied his brakes and thereupon skidded a distance of 14 feet to the point of impact. The plaintiff initially testified that he looked to his right a second time as he entered the intersection, but later stated he was not sure whether he had looked or not. The details of the collision are not of any importance to a consideration of the question before us.

The statutory law of Kansas provides that "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing." The statute then goes on to provide that in a residential district a speed of 30 miles per hour is lawful, unless some special hazard exists, but that any speed in excess of that limit shall be prima facie evidence that the speed is not reasonable and prudent and that it is unlawful.

It is at once apparent from a reading of the statute that driving a car in excess of 30 miles per hour in a residential district is not negligence *per se,* but merely prima facie *evidence* of negligence. Nevertheless, the plaintiff requested an instruction which not only embodied the provision we have quoted above from the law of Kansas, which the court gave, but in addition the instruction recited the speed limits as set forth in the statute and, moreover, it advised the jury that a violation of the applicable speed limit was "negligence as a matter of law." The court declined to give this part of the instruction. In so ruling the court was correct for at least two reasons. First, because the requested instruction did not correctly state the law, in that, a violation of the speed limit is not "negligence as a matter of law" under the Kansas statute, but only *prima facie* evidence of negligence. Second, because the statute merely creates an evidential presumption

sufficient to make a prima facie case on the issue of negligence, without the necessity of supplying additional evidence. In short, by reason of the statute the court could not grant a nonsuit solely on ground that there was no evidence of negligence where the evidence disclosed the defendant had exceeded the speed limit pertinent to the case. In other words, on an issue of negligence, the statute creates a statutory rule of evidence with respect to the sufficiency of evidence to carry the case to the jury. If the presumption is not rebutted the issue of negligence is proved, but if the presumption is rebutted it is for the jury to say whether there was or was not negligence in fact. ▮ The substantive common law of Kansas gives to one injured by the negligence of another a right of action against him which is not expanded or cut down by the provision of the statute which makes a violation of the statute prima facie evidence of negligence. Accordingly, the provision being no part of the substantive law it lies in the domain of the adjective law of Kansas, enforcible as such in the courts of Kansas, but not recognized or enforced by the courts of any other state in which the substantive right created under the laws of Kansas is sought to be enforced. ▮ As is said in Restatement, Conflict of Laws, section 595(2): ''The law of the forum governs presumptions and inferences to be drawn from evidence.''

▮ The next contention is that the court erred because it did not give an instruction on the last clear chance doctrine as requested by the plaintiff. The short answer to the contention is that inasmuch as the record is entirely devoid of any evidence that the defendant actually saw the car of the plaintiff in time to avoid colliding with it, the doctrine of the last clear chance is not applicable to the facts of the case. (*Starck* v. *Pacific Electric Ry. Co.*, 172 Cal. 277 [156 P. 51, L.R.A. 1916E 58].)

There remains for consideration the contention that not only was an instruction requested by the defendant, and given by the court, a ''formula'' instruction, but additionally it was highly prejudicial to the plaintiff. The instruction, aside from some immaterial introductory language, reads as follows:

''You are further instructed that under the law of the State of Kansas that even though you find a party entered the intersection in question before the other party,· if you further find that when he was within a short distance of the intersection he looked and observed the other party's car approaching at a high or dangerous rate of speed and then

proceeded without again looking in the direction from which the other party's car approached and without increasing or decreasing the speed of his vehicle and continued oblivious to what might happen, then under the Kansas law his conduct was less careful than was required of him under the laws of said state.''

 The instruction is a so-called ''formula'' instruction and should not have been given. In a simple case of negligence, such as is the case here, the basic question is whether or not the parties used due care; that is to say the ordinary care which would have been used by the average man under the same or similar circumstances. When the jury is instructed that that is the law it becomes its province to determine whether the various items of evidence, which it accepts as true, do or do not add up to negligence as to either or both parties to the cause. If there is testimony, as there was in the case at bar, (1) that the plaintiff saw the defendant's car before either car reached the intersection; (2) that he estimated its speed at 40 to 45 miles an hour; (3) that he did not again pay any attention to defendant's oncoming car until he had entered the intersection, then it is clear on those facts, if they were believed by the jury that it should and presumably would have found that the plaintiff was not exercising the ordinary care which the average man would have exercised and, as a consequence, the plaintiff was guilty of negligence. The jury did not need to be told that these items of fact under the law spelled negligence. The vice in any such instruction is that it unduly emphasizes certain testimonial facts—which may or may not be accepted by the jury as being true—and misleads the jury into thinking that because the court has specifically mentioned them they are of undue importance or that the court believes them to be true. As it is the exclusive province of the jury to appraise and find the facts, it is improper even though it may not be reversible error for the court to say that a fact or a combination of facts in law amounts to negligence. Where this is done not only is the province of the jury invaded, but instructions are quite too often unduly expanded in numbers and content and as a consequence the jury quite too often is confused and misled. Just because a requested instruction may correctly state the law it need not for that reason be given. Until and unless trial courts take it upon themselves to reduce the huge bulk of instructions generally given to juries today down to the minimum of necessary and essential instructions we cannot

expect juries to understand, carry in their minds and correctly apply the law that is applicable to the facts as juries find the facts to be.

■ In the instant case it seems very clear to us from a reading of the testimony that the plaintiff below was guilty of contributory negligence that proximately contributed to his injury. Likewise it seems to us that the jury would have arrived at that conclusion even though the requested instruction which was given to them had not been given. That being true the jury was not misled by the instruction and the plaintiff has not been prejudiced. The instruction was but one out of some 50 instructions given which taken as a whole more than adequately presented the rights of the plaintiff under the law.

The judgment is affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.