[Civ. No. 18830. Second Dist., Div. Two. Mar. 14, 1952.]

MARILYN LEVY, a Minor, etc., et al., Appellants, v. GEORGE MARTIN, Respondent.

Hindin, Girard, Lewis & Green for Appellants.

C. F. Jorz for Respondent.

FOX, J.—This is an appeal by the plaintiffs from a judgment in favor of defendant after a jury trial.

Viewing the evidence as we must on appeal in the light most favorable to the successful party in the trial court, the facts and circumstances surrounding this automobile collision are as follows: The plaintiffs, husband and wife and two adult children, were traveling north in the family car. The defendant, who was alone, was also driving northward. His car collided with the rear of plaintiffs' vehicle causing injury to the plaintiffs. Their car was in the traffic lane nearest the right-hand side of the highway and was stopped at the time of impact. The accident occurred on the Bay Shore Highway at a point approximately 9 miles south of the city limits of San Francisco and about one half mile north of the intersection of said highway and the South San Francisco cutoff. It was getting dusk and both machines had their lights on. The weather was fair. Between the cutoff and the place where the accident happened there is a "compound" curve, i.e., first a gradual curve to the right and then a reverse turn to the left; also, the highway is upgrade, making a ridge over which one cannot see until he reaches approximately the crest. As defendant was traveling around the curve on the inside lane of traffic at about 50 miles an hour with nothing in front of him that he saw —"no lights at all"—a Greyhound bus signalled to pass him. When he completed the curve he pulled over to the outside traffic lane at approximately the top of the grade to permit the bus to pass. Defendant then saw the taillights of plaintiffs' car approximately 250 feet away. He traveled some 50 feet before he realized plaintiffs' car had stopped. He then immediately applied his brakes and left 63 feet of skid marks to the point of impact. The roadway here was downgrade. He could not pass to the right of plaintiffs' car because the shoulder was gravel and there was a guardrail and a drop of several feet to a railroad track. He could not pass on the left because he was abreast of the Greyhound bus which was passing him. There was no northbound traffic ahead of plaintiffs that defendant could see but the southbound

traffic was heavy. The speed limit over this highway was 55 miles an hour.

Plaintiffs contend defendant was guilty of negligence as a matter of law because (1) he negligently failed to reduce the speed of his car while his vision was restricted either by curves or the crest of a hill, and (2) that he either negligently failed to see that which he should have seen, when he achieved the crest of the hill, or (3) having seen what he should have seen he negligently failed to apply his brakes.

■ The general rule is that negligence is a question of fact for the jury. (*Matsumoto* v. *Renner*, 90 Cal.App.2d 406, 409 [202 P.2d 1051].) "It is only where the inference of negligence is irresistible that it becomes the duty of the court to decide upon it as a matter of law, and, where the facts or the inferences to be drawn from them are in any degree doubtful, the only proper rule is to submit the whole matter to the jury under proper instructions." (*Arellano* v. *City of Burbank*, 13 Cal.2d 248, 257 [89 P.2d 113].)

■ As to defendant's failure to reduce his speed as he rounded the curves to the crest of the hill, the jury could well have concluded he was not negligent since there was no visible traffic in front of him—"no lights at all,"—and since the operator of the Greyhound bus desired to pass him and drive faster, and particularly since the bus driver's seat is somewhat higher than the driver's position in a passenger car thus enabling the bus driver's vision to encompass the roadway farther ahead.

■ In view of defendant's testimony which the jury evidently accepted they could reasonably conclude that he was not negligent in failing to see plaintiffs' car upon reaching the crest of the hill for he testified he saw the taillights of plaintiffs' vehicle upon reaching that point.

■ The question of defendant's alleged negligent failure to apply his brakes upon seeing the taillights of plaintiffs' car 250 feet away is also in the debatable field. He says he did not realize plaintiffs' car was standing until he had traveled some 50 feet. The fact that it was nighttime—after 6 p.m., in late January—and "getting dusk" and that one does not ordinarily find a car standing in a regular traffic lane on a main highway, would certainly justify a driver in taking a brief second to determine that the vehicle was not moving. Also, some momentary period is necessary for the normal operation of the driver's reflexes and the actual ap-

plication of force to the brakes and their response thereto. The jury could well have concluded that defendant exercised that degree of care in applying his brakes that is expected of an ordinarily prudent person under such circumstances.

It is clear that the inference of negligence is not irresistible with respect to any of defendant's challenged conduct. It was therefore a question of fact for the jury's determination. (*Arellano* v. *City of Burbank, supra.*)

Plaintiffs argue that the facts in the instant case are comparable to those in *Huetter* v. *Andrews,* 91 Cal.App.2d 142 [204 P.2d 655], where it was held that the conduct of the defendant in driving into the plaintiff's car ahead constituted negligence as a matter of law. The facts actually are very different as the following brief summary will show. In the Huetter case the defendant had a clear view of the highway, with no vehicles intervening, for 850 feet preceding the point of impact with plaintiff's car. He had stopped, backed onto the shoulder, and was executing a left turn into a crossover on a divided, four-lane highway. Defendant drove this 850 feet looking straight ahead but did not see plaintiff's automobile until he was within 75 to 100 feet of it. He still continued a straight course and left no skid marks until he struck plaintiff's car broadside at a speed of 35 to 40 miles an hour. Plaintiffs also rely on *Edlund* v. *Los Angeles Ry. Co.,* 14 Cal.App.2d 673 [58 P.2d 928], where it was held that a woman who drove her car into the rear of a standing bus was chargeable with negligence as a matter of law. She had been following the bus for some blocks; the bus stopped, backed 10 or 15 feet and again stopped. A man walked out to the bus and with one foot on the step stood talking through the open, front door to the bus driver. At this point the lady's car approaching at about 20 miles an hour crashed into the rear of the bus. She had observed the bus as she approached it but thought it was continuing to move forward. There was nothing to interfere with her vision; she not only had ample opportunity to see the bus, but did see it. The collision was "the obvious result of her failure to look with sufficient care to distinguish between a moving and a stationary bus." Such a situation is clearly distinguishable from the case at bar. Plaintiffs rely also upon *Pate* v. *Pickwick Stages System,* 125 Cal.App. 670 [14 P.2d 174]; *Binford* v. *Purcell,* 2 Cal.App.2d 87 [37 P.2d 732]; *Armstrong* v. *Studer,* 2 Cal.App.2d 166 [37 P.2d 475]; *Falasco* v. *Hulen,* 6 Cal.App.2d 224 [44 P.2d

469] ; *Flynn* v. *Kumamoto,* 22 Cal.App.2d 607 [72 P.2d 248], and *Wright* v. *Ponitz,* 44 Cal.App.2d 215 [112 P.2d 25]. None of these cases determine that the particular conduct in question constituted negligence as a matter of law. On the question of negligence each simply holds that the evidence is sufficient to support the trial court's *factual* determination that the respective acts constituted negligence under the circumstances.

 Plaintiffs claim they were prevented from having a fair trial by reason of the conduct of defendant's counsel. The circumstances upon which this is based are as follows: Defendant's wife who appeared to be crippled attended the trial in a wheel chair. She was not called as a witness. When defendant was being examined by plaintiffs' counsel under section 2055 of the Code of Civil Procedure he testified he was alone in his car when the collision happened. On redirect his attorney asked this question: "Was your wife— back there in the wheel-chair—in the car with you?" The answer was in the negative. Plaintiffs contend this reference to defendant's wife evoked the jury's sympathy in his behalf and that the harm was of an incurable nature. No objection, however, was made to the question and the court was not requested to admonish the jury to disregard it. Generally the failure to take these protective steps forecloses raising any question regarding such alleged misconduct on appeal. (*Holder* v. *Key System,* 88 Cal.App.2d 925, 937 [200 P.2d 98] ; *Collas* v. *Pasadena City Lines, Inc.,* 89 Cal.App.2d 93, 97 [200 P.2d 77].) It must further be pointed out that the trial court denied a motion for a new trial upon the ground, among others, of this alleged misconduct of defendant's attorney. In doing this the court must be deemed to have concluded that no prejudice was suffered by plaintiffs by reason of the matters to which we have referred. "The trial judge is in a much better position than an appellate court to determine whether the verdict in a case is probably due wholly or in part to such alleged misconduct as we have here, and his conclusion in the matter should not be disturbed unless, under all the circumstances appearing, it is plainly wrong." (*Lafargue* v. *United Railroads,* 183 Cal. 720, 724 [192 P. 538] ; *Gluckstein* v. *Lipsett,* 93 Cal. App.2d 391, 406 [209 P.2d 98] ; *Cope* v. *Davison,* 30 Cal.2d 193, 203 [180 P.2d 873, 171 A.L.R. 667].) This, we think, may not fairly be said here.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.