[Civ. No. 4378.   Fourth Dist.   Apr. 21, 1952.]

ETHEL LEE, Appellant, v. EDNA ALICE HACKNEY et al., Respondents.

James Vizzard, West, Vizzard, Howden & Baker and Morris Chain for Appellant.

Robert E. King and Mack & Bianco for Respondents.

GRIFFIN, J.—Plaintiff brought this action against defendants for injuries sustained as a result of an automobile accident at the intersection of Nineteenth and A Streets in the city of Bakersfield. Plaintiff, accompanied by a guest, was driving her son's Plymouth sedan northerly on A Street, in the daytime, on September 19, 1949. Defendant Edna A. Hackney was proceeding alone westerly on Nineteenth Street in her husband's 1938 Chevrolet car. Both streets are approximately 54 feet wide. Large trees are growing in the parkway at the four corners of the intersection. No center lines are marked in the streets and no boulevard stop signs are involved. A 15-mile speed zone is indicated.

Counsel for defendants, at all times, have conceded negligence on the part of defendants, and rely entirely on the claimed contributory negligence of plaintiff, as pleaded, to bar a recovery. The jury returned a verdict in favor of defendants. Plaintiff appealed and now claims: (1) That there was no evidence of contributory negligence; and (2) accordingly, the trial court committed prejudicial error in giving an instruction on that subject.

A brief résumé of plaintiff's testimony bearing on this question shows that when she was about 15 feet from the intersection she was driving at about 15 miles per hour; that she then looked to her left on Nineteenth Street and saw no cars approaching; that when she was about to enter the intersection she looked to her right easterly on Nineteenth Street and saw a car half a block away, approaching this same intersection; that she could not judge its speed; that she shifted into second gear at the time; that she then looked to her left again, shifted into high gear, and as her car passed over the center of Nineteenth Street, in the intersection, she looked to her right again and saw the Hackney car about 50 feet from the intersection; that she immediately

turned her car to her left to avoid a collision but was unsuccessful; that the left front portion of the Hackney car struck the right front portion of plaintiff's car; that she and her passenger were thrown from her car, which went on and came to a stop at the corner after running into a tree; and that she was severely injured.

Her passenger, Mrs. Childers, related about the same story. She placed the Hackney car at a point east on Nineteenth Street about 150 feet from their car when plaintiff's car was near the intersection. She testified that defendants' car was traveling at about 35 miles per hour at the time; that she saw it again about 100 feet from the intersection when plaintiff entered the intersection; that the next time she saw it plaintiff's car was crossing the center of Nineteenth Street and the Hackney car was then 20 to 25 feet away, traveling about 35 miles per hour; that Mrs. Hackney was looking to her right, or northerly on A Street; that she never said anything to Mrs. Lee about what she saw; that she screamed and the cars hit in the manner previously described at a point about 5 feet north of the center of Nineteenth Street.

It appears that in a deposition she previously stated that the Hackney car was about two car lengths away from the intersection when the Lee car entered the intersection. At the trial she testified that she knew Mrs. Lee changed into second gear in crossing the intersection because "she always does."

Mrs. Hackney (aged 62) testified that as she approached the intersection she glanced in the direction in which plaintiff's car was coming and did not see it; that she glanced to the north and saw no cars coming from that direction so she started across the intersection; that as she again glanced to her left she saw the grille and bumper of a car striking the left side of her car about where the running board meets the left front door; and that she could not estimate her speed or the speed of plaintiff's car.

Defendant's car was being followed by a traffic officer, who estimated its speed at a previous crossing at 35 miles per hour and gave Mrs. Hackney a traffic ticket. Tire markings on the pavement indicated tire burns leading from the point of the impact southerly for a distance of about 10 feet, which markings were presumably made by plaintiff's car. No tire burns were indicated as having been made by defendants' car, which traveled considerable distance after the collision.

The questioned facts as to whether plaintiff looked and saw defendants' car approaching at a speed of 35 miles per hour or whether she looked at all or whether she failed to look again in the direction of defendants' car before crossing the intersection were facts for the jury to determine under proper instructions.

In *Salsberry* v. *Smith*, 85 Cal.App.2d 122, 126 [192 P.2d 73], this court said:

"Whether, under the circumstances, plaintiff looked in the direction from which danger would be reasonably apprehended, and as often and as carefully as would a person of ordinary prudence under like circumstances, were factual questions for the jury. An implied finding of the jury on that question will not be disturbed on appeal where there is, as here, substantial evidence or reasonable inferences to support it." (Citing cases.) (See, also, *Hamlet* v. *Hook*, 106 Cal.App.2d 791 [236 P.2d 196].)

A like question was presented in *Matsumoto* v. *Renner*, 90 Cal.App.2d 406 [202 P.2d 1051], where the father of a girl who was riding as a guest in a car driven by another brought an action against a truck driver for the death of the girl. There the question of defendant's negligence was established. Defendant alleged contributory negligence on the part of the guest who was sitting to the right of the driver of the car in the front seat. She was looking straight ahead and said nothing and gave no warning sign to the driver of that car that a truck was proceeding ahead of them which had light trouble and with which the car collided. The jury there found in favor of the defendant. The contention was that there was no evidence of contributory negligence on the part of the guest and that it was therefore error to give an instruction based on that claim. This court held that where the issue of negligence and contributory negligence was the theory of the case and was raised by the pleadings and where there was evidence supporting such theory, defendants were entitled to such an instruction.

It clearly appears, in the instant case, that defendant admitted her negligence and relied mainly upon the question of the contributory negligence of the plaintiff to defeat plaintiff's cause of action. This defense was not only pleaded but counsel for defendant so stated to the jury. Counsel for the plaintiff also stated to it that he expected to prove that defendant "did not look, and if she had looked she would have seen what was there"; that she violated the right of

way rule and accordingly was guilty of negligence; and also argued that plaintiff was not guilty of contributory negligence. Counsel for defendant made the same charge against plaintiff and claimed that such contributory negligence was a proximate cause of plaintiff's injuries although it may not have been the sole cause.

Counsel for plaintiff, in discusssing an instruction on contributory negligence, told the jury that the court was "duty bound to give you that instruction, on contributory negligence, because these defendants have raised it in their answer."

It cannot be said, as a matter of law, that plaintiff was free from contributory negligence. Under the evidence and the circumstances related, no prejudicial error appears in giving the instruction on contributory negligence. (*Perry v. Angelus Hospital Assn.*, 172 Cal. 311 [156 P. 449]; *Hoffman v. Southern Pac. Co.*, 84 Cal.App. 337 [258 P. 397].)

The remaining contention is that counsel for defendants was guilty of prejudicial misconduct in referring to defendants' financial condition in his argument to the jury, after the court erroneously admitted evidence bearing on that subject, citing *Zaferis v. Bradley*, 28 Cal.App.2d 188, 190 [82 P.2d 70]; and *Ensign v. Southern Pac. Co.*, 193 Cal. 311, 321 [223 P. 953].)

Counsel for defendants asked the question of Mrs. Hackney as to whether or not she and her husband owned a "little ranch out here west of town," and she replied "Yes"; and if either were employed, and the answer was "No." In his argument to the jury he remarked: "It is not a case where the defendants are Standard Oil Company or Pacific Gas and Electric Company or any other people, except just some people that live out here on a ranch west of town and have accumulated a little and are here defendants. They have a little of what they made, but not very much. They are driving a 1938 car, involved in the accident, just plain working people which I know."

In the first place, the only question which counsel objected to was whether or not defendants were employed. This objection came in after the question was answered and no motion was made to strike it for the purpose of objection. No error thus appears in the action of the trial court in this respect. (*Estate of Hess*, 183 Cal. 589, 599 [192 P. 35]; *Kruzie v. Sanders*, 68 Cal.App.2d 315, 316 [156 P.2d 486].)

No objection was made, at the time, to the argument of counsel above quoted. Had counsel moved the court to strike it or had he called its attention to the claimed misconduct at the time, no doubt the court would have intervened. Counsel for plaintiff proceeded to reply to this argument in his closing statement to the jury, and in doing so went outside the record to indicate to the jury that the question of ability of the defendants to respond in damages "does not make any difference." No prejudicial misconduct thus appears which counsel for plaintiff may now raise for the first time on appeal. (*Aydlott* v. *Key System Transit Co.*, 104 Cal.App. 621, 628 [286 P. 456].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.